ELIZABETH M. WEAVER (BAR NO. 123764)
elizabeth.weaver@nortonrosefulbright.com
H. JOSEPH DRAPALSKI III (BAR NO. 298791)
joseph.drapalski@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:   (213) 892-9200
Facsimile:    (213) 892-9494

Attorneys for Defendant
TRIMAS CORPORATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISU INVESTMENTS, LTD. and KARGO GROUP GP, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TRIMAS CORPORATION dba NI INDUSTRIES, INC., and DOES 1–10 inclusive,<br><br>Defendants. | Case No.:  2:16-cv-00686 GHK (PJWx)<br><br>**DEFENDANT TRIMAS CORPORATION'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Second Amended Complaint Filed: April 12, 2016 |

Defendant TriMas Corporation ("Defendant") hereby answers Plaintiffs Alisu Investments, Ltd. and Kargo Group GP, LLC's ("Plaintiffs") Second Amended Complaint as follows:

## PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and on that basis denies the allegations in paragraph 1.

2. Defendant admits that Norris Industries, Inc. is a former tenant of the Property. Except as specifically admitted, paragraph 2 contains a legal conclusion to which no response is required.

3. Defendant contends that no response to paragraph 3 is required because the allegations do not pertain to Defendant. To the extent that a response is required, Defendant denies each and every allegation contained in paragraph 3.

4. Defendant contends that no response to paragraph 4 is required because the allegations do not pertain to Defendant. To the extent that a response is required, Defendant denies each and every allegation contained in paragraph 4.

5. As to the allegations regarding Defendant alone, Defendant denies the allegations in paragraph 5. As to any remaining allegations in paragraph 5, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and on that basis denies the allegations in paragraph 5.

6. As to the allegations regarding Defendant alone, Defendant denies the allegations in paragraph 6. As to any remaining allegations in paragraph 6, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and on that basis denies the allegations in paragraph 6.

## JURISDICTION AND VENUE

7. Paragraph 7 contains a legal conclusion to which no response is required.

8. Paragraph 8 contains a legal conclusion to which no response is required.

## GENERAL ALLEGATIONS

### Ownership History

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and on that basis denies the allegations in paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and on that basis denies the allegations in paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and on that basis denies the allegations in paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and on that basis denies the allegations in paragraph 12.

### TriMas's Use and Operations at the Property

13. Paragraph 13 contains a legal conclusion to which no response is required.

14. Defendant denies each and every allegation in paragraph 14.

15. Defendant admits that Environmental Audit, Inc. conducted Phase I and Phase II Environmental Site Assessments at the Property, as well as ground water monitoring and testing. As to any remaining allegations in paragraph 15, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and on that basis denies the allegations in

paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and on that basis denies the allegations in paragraph 16.

17. As to Defendant TriMas Corporation alone, Defendant denies the allegations in paragraph 17. As to any remaining allegations in paragraph 17, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and on that basis denies the allegations in paragraph 17.

## FIRST CLAIM FOR RELIEF
## (Liability for Response Costs under CERCLA)
## (Against all Defendants)

18. In answering paragraph 18, Defendant incorporates by reference its answers to paragraphs 1 through 17.

19. Defendant contends that the matters contained within CERCLA, 42 U.S.C. § 9601(9) speak for themselves. Defendant denies each and every allegation contained in paragraph 19.

20. Defendant contends that the matters contained within CERCLA, 42 U.S.C. § 9601(21) speak for themselves. Defendant denies each and every allegation contained in paragraph 20

21. As to Defendant TriMas Corporation alone, Defendant denies the allegations in paragraph 21. As to any remaining allegations in paragraph 21, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and on that basis denies the allegations in paragraph 21.

22. As to Defendant TriMas Corporation alone, Defendant denies the allegations in paragraph 22. As to any remaining allegations in paragraph 22, Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 22 and on that basis denies the allegations in paragraph 22.

23. As to Defendant TriMas Corporation alone, Defendant denies the allegations in paragraph 23. As to any remaining allegations in paragraph 23, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and on that basis denies the allegations in paragraph 23.

24. Defendant contends that the matters contained within 42 U.S.C. § 9607(a) and 40 C.F.R. § 300, et seq. speak for themselves. Defendant denies each and every allegation contained in paragraph 24.

25. Defendant contends that the matters contained within CERCLA, 42 U.S.C. § 9607(a) speak for themselves. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 25. As to any remaining allegations in paragraph 25, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and on that basis denies the allegations in paragraph 25.

## SECOND CLAIM FOR RELIEF
## (Declaratory Relief under CERCLA)
## (Against all Defendants)

26. In answering paragraph 26, Defendant incorporates by reference its answers to paragraphs 1 through 25.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and on that basis denies the allegations in paragraph 27.

28. Defendant admits the allegations contained in paragraph 28.

29. Defendant contends that the maters contained within CERCLA, 42 U.S.C. § 9607, speak for themselves. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 29. As to any

1  remaining allegations in paragraph 29, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and on that basis denies the allegations in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

## THIRD CLAIM FOR RELIEF

### (Liability for Response Costs under California Health & Safety Code § 25363)

### (Against all Defendants)

31. In answering paragraph 31, Defendant incorporates by reference its answers to paragraphs 1 through 30.

32. Defendant contends that the matters contained within California Health & Safety Code § 25319 speak for themselves. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 32. As to any remaining allegations in paragraph 32, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and on that basis denies the allegations in paragraph 32.

33. Defendant contends that the matters contained within California Health & Safety Code §§ 25320 and 25316 speak for themselves. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 33. As to any remaining allegations in paragraph 33, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and on that basis denies the allegations in paragraph 33.

34. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 34. As to any remaining allegations in paragraph 34, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and on that basis denies the allegations in paragraph 34.

35. Defendant contends that the matters contained within California Health & Safety Code § 25363 speak for themselves. As to Defendant TriMas

1  Corporation alone, Defendant denies each and every allegation contained in paragraph 35. As to any remaining allegations in paragraph 35, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and on that basis denies the allegations in paragraph 35.

36. Defendant contends that the matters contained within California Health & Safety Code § 25363 speak for themselves. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 36. As to any remaining allegations in paragraph 36, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and on that basis denies the allegations in paragraph 36.

37. Defendant contends that the matters contained within California Health & Safety Code § 25363(e) speak for themselves. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 37. As to any remaining allegations in paragraph 37, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and on that basis denies the allegations in paragraph 37.

## **FOURTH CLAIM FOR RELIEF**
### **(Implied Equitable Indemnity and/or Partial Implied Equitable Indemnity)**
### **(Against all Defendants)**

38. In answering paragraph 38, Defendant incorporates by reference its answers to paragraphs 1 through 37.

39. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 39. As to any remaining allegations in paragraph 39, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and on that basis denies the allegations in paragraph 39.

40. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 40. As to any remaining allegations in

1   paragraph 40, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and on that basis denies the allegations in paragraph 40.

41.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and on that basis denies the allegations in paragraph 41.

42.   Defendant denies the allegations contained in paragraph 42.

43.   As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 43.  As to any remaining allegations in paragraph 43, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and on that basis denies the allegations in paragraph 43.

44.   As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 44.  As to any remaining allegations in paragraph 44, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and on that basis denies the allegations in paragraph 44.

45.   As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 45.  As to any remaining allegations in paragraph 45, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and on that basis denies the allegations in paragraph 45.

**FIFTH CLAIM FOR RELIEF**

**(Continuing Private Nuisance)**

**(Against all Defendants)**

46.   In answering paragraph 46, Defendant incorporates by reference its answers to paragraphs 1 through 45.

47.   As to Defendant TriMas Corporation alone, Defendant denies each and

every allegation contained in paragraph 47. As to any remaining allegations in paragraph 47, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and on that basis denies the allegations in paragraph 47.

48. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 48. As to any remaining allegations in paragraph 48, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and on that basis denies the allegations in paragraph 48.

49. Defendant contends that the matters contained within California Civil Code § 3479 speak for themselves. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 49. As to any remaining allegations in paragraph 49, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and on that basis denies the allegations in paragraph 49.

50. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 50. As to any remaining allegations in paragraph 50, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and on that basis denies the allegations in paragraph 50.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and on that basis denies the allegations in paragraph 51.

52. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 52. As to any remaining allegations in paragraph 52, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and on that basis denies the allegations in paragraph 52.

53. Defendant contends that the matters contained within California Civil Code of Civil Procedure § 731 speak for themselves. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 53. As to any remaining allegations in paragraph 53, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and on that basis denies the allegations in paragraph 53.

## SIXTH CLAIM FOR RELIEF

### (Continuing Trespass)

### (Against all Defendants)

54. In answering paragraph 54, Defendant incorporates by reference its answers to paragraphs 1 through 53.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and on that basis denies the allegations in paragraph 55.

56. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 56. As to any remaining allegations in paragraph 56, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and on that basis denies the allegations in paragraph 56.

57. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 57. As to any remaining allegations in paragraph 57, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and on that basis denies the allegations in paragraph 57.

58. Defendant contends that the matters contained within California Civil Code § 3334 speak for themselves. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 58. As to any remaining allegations in paragraph 58, Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 58 and on that basis denies the allegations in paragraph 58.

## SEVENTH CLAIM FOR RELIEF

### (Waste)

### (Against all Defendants)

59. In answering paragraph 59, Defendant incorporates by reference its answers to paragraphs 1 through 58.

60. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 60. As to any remaining allegations in paragraph 60, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and on that basis denies the allegations in paragraph 60.

61. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 61. As to any remaining allegations in paragraph 61, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and on that basis denies the allegations in paragraph 61.

62. Defendant contends that the matters contained within California Code of Civil Procedure § 732 speak for themselves. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 62. As to any remaining allegations in paragraph 62, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and on that basis denies the allegations in paragraph 62.

63. Defendant denies the allegations contained in paragraph 63.

64. Defendant contends that the matters contained within California Civil Code of Civil Procedure § 732 speak for themselves. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 64. As to any remaining allegations in paragraph 64, Defendant lacks

1  knowledge or information sufficient to form a belief as to the truth of the
2  allegations in paragraph 64 and on that basis denies the allegations in paragraph 64.

### EIGHTH CLAIM FOR RELIEF
### (Negligence)
### (Against all Defendants)

65. In answering paragraph 65, Defendant incorporates by reference its answers to paragraphs 1 through 64.

66. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 66. As to any remaining allegations in paragraph 66, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and on that basis denies the allegations in paragraph 66.

67. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 67. As to any remaining allegations in paragraph 67, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and on that basis denies the allegations in paragraph 67.

68. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 68. As to any remaining allegations in paragraph 68, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and on that basis denies the allegations in paragraph 68.

69. Defendant denies the allegations contained in paragraph 69.

### NINTH CLAIM FOR RELIEF
### (Declaratory Relief)
### (Against all Defendants)

70. In answering paragraph 70, Defendant incorporates by reference its answers to paragraphs 1 through 69.

Document Prepared on Recycled Paper

36147262.2 — - 11 - — Case No. 2:16-cv-00686 GHK (PJWx)
TRIMAS CORPORATION'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

71. As to Defendant TriMas Corporation alone, Defendant denies each and every allegation contained in paragraph 71. As to any remaining allegations in paragraph 71, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 and on that basis denies the allegations in paragraph 71.

72. Defendant denies the allegations contained in paragraph 72.

## GENERAL DENIAL

1. Defendant denies any allegations of the complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

2. In further answer to the Complaint, and as separate and district affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

3. Defendant alleges that the Complaint, and each of the purported claims therein, fails to state facts sufficient to constitute a cause of action against it.

### SECOND AFFIRMATIVE DEFENSE
### (LACHES)

4. Defendant alleges that Plaintiffs are barred by the doctrine of laches from asserting all of the claims in the Complaint in that Plaintiffs have unreasonably delayed bringing this action, and such delay has caused prejudice to Defendant.

### THIRD AFFIRMATIVE DEFENSE
### (STANDING)

5. Defendant alleges that Plaintiffs lack standing to assert the claims in the complaint.

## FOURTH AFFIRMATIVE DEFENSE
## (ESTOPPEL)

6. Defendant alleges that Plaintiffs' claims in the Complaint are barred by the doctrines of collateral and/or equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE
## (WAIVER)

7. Defendant alleges that the claims in the Complaint are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE
## (COMPARATIVE FAULT OF PLAINTIFFS)

8. Negligence, breach of contract, or other fault or misconduct of Plaintiffs or their agents directly and proximately contributed to Plaintiffs' alleged damages, which conduct either bars or reduces the recovery sought by Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE
## (COMPARATIVE FAULT OF OTHERS)

9. The damages suffered by Plaintiffs, if any, proximately resulted from the actions, negligence, breach of conduct, or other fault or misconduct of parties, persons, and/or entities other than Defendant, and the liability of Defendant, if any, must be limited in direct proportion to the percentage of fault actually attributable to Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
## (PROXIMATE CAUSE)

10. Defendant's conduct was not the proximate cause of any releases or threatened releases of hazardous substances alleged in the Amended Complaint that resulted in any damage to Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

11. Defendant alleges that Plaintiffs have failed to exercise reasonable efforts to minimize or avoid any damages which are alleged to have been caused by Defendant, and therefore any recovery against Defendant should be barred or reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

12. Defendant alleges that Plaintiffs' claims are barred in whole or in party by the applicable statute of limitations, including but not limited to 42 U.S.C. § 9613(g).

## ELEVENTH AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

13. Defendant alleges that Plaintiffs' claims asserted in the Complaint are barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE
## (FAILURE TO JOIN NECESSARY OR INDISPENSABLE PARTIES)

14. Defendant alleges that the Complaint fails to name or join all necessary parties pursuant to Federal Rule of Civil Procedure 19.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (DECLARATORY RELIEF IMPROPER)

15. Plaintiffs' claims for declaratory relief are barred because Plaintiffs have an adequate and complete remedy at law.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (SETOFF)

16. To the extent Plaintiffs have received or hereafter receives any of the requested relief from a person or entity other than Defendant, including a

governmental agency, a named defendant, or other third party, any recovery against Defendant should be barred or reduced accordingly.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (CONSENT)

17.  Each purported claim in the Complaint is barred because Plaintiffs consented, or re deemed to have consented, to the acts or omissions, if any, of Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (ASSUMPTION OF THE RISK)

18.  Each purported claim in the Complaint is barred because Plaintiffs' injury, if any, is the result in whole or in part, of Plaintiffs' assumption of the risk.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (SUPERSEDING OR INTERVENING INDEPENDENT CAUSE)

19.  Defendant alleges that any and all wrongful acts alleged in the Complaint, including any and all violations, losses, injuries, or damages alleged therein, were the result of superseding or intervening causes arising from acts or omissions of individuals and/or entities which Defendant neither controlled, or had the legal right to control.  Therefore, any and all alleged violations, losses, injuries, or damages were not proximately caused by any act, omission, or other conduct of Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (CERCLA § 107(B) DEFENSES)

20.  Defendant alleges that the release or threat of release of hazardous substances at the Site, if any, were caused solely by an act of God, an act of war, or an act or omission of third parties, other than an employee or agent of Defendant or than one whose act or omission occurs in connection with a contractual relationship existing with Defendant, and Defendant exercised due care with respect to any hazardous substances, taking into consideration the characteristics of any hazardous

substances, in light of all relevant facts and circumstances, and Defendant took precautions against foreseeable acts or omissions of any such third parties and the consequences that could foreseeably result from such acts or omissions.

### NINETEENTH AFFIRMATIVE DEFENSE
### (DE MICROMIS EXEMPTION)

21. Defendant alleges that the hazardous substances it generated, if any, were de micromis, as determined in 42 U.S.C. § 9607(o), and were disposed of, treated, or transported before April 1, 2001.

### TWENTY AFFIRMATIVE DEFENSE
### (NONCOMPLIANCE WITH THE NATIONAL CONTINGENCY PLAN)

22. Defendant alleges that Plaintiffs' claims under CERCLA are barred insofar as they seek to recover costs that are not "necessary costs of response" incurred "consistent with the National Contingency Plan" as required by CERCLA §107(a), 42 U.S.C. § 9607(a).

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (CONTRIBUTION)

23. Defendant alleges that it is entitled to contribution from Plaintiffs and/or co-defendants in this action pursuant to CERCLA, applicable state statutory and common law, and that such contribution would offset or eliminate any liability of Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (DIVISIBILITY OF HARM)

24. Defendant alleges that joint and several liability cannot be imposed against it because its contribution to the alleged contamination, if any, is divisible from that of the other defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
## (PRIMARY JURISDICTION)

25. Defendant alleges that primary jurisdiction resides in the United States Environmental Protection Agency and the California Regional Water Quality Control Board, both of which have issued orders with respect to the alleged contamination, and the Court should, therefore, not exercise its jurisdiction in this case to issue the injunctions requested by Plaintiff under its claims for relief.

## TWENTY-FORTH AFFIRMATIVE DEFENSE
## (ABSTENTION)

26. Defendant alleges that state and federal agencies have issued their own regulations regarding air and water quality which are the subject of Plaintiffs' claims. Therefore, this Court should abstain from pursuing this case in deference to the respective agencies' interpretations of their own regulations and enforcement of such issues. Further, the Court should abstain during the times that the relevant State agencies are actively enforcing state and federal cleanup regulations and actively ordering site investigations pertaining to the alleged contamination that Plaintiffs' claim is relevant to this suit.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
## (RESPONSE COSTS)

27. Defendant alleges that some or all of the costs alleged in the Amended Complaint do not constitute response costs within the meaning of CERCLA § 101(25), 42 U.S.C. § 9601(25), and are therefore not recoverable.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
## (REMOVAL OR REMEDIAL ACTION COSTS)

28. Defendant alleges that some or all costs alleged in the Amended Complaint do not constitute removal or remedial costs within the meaning of CERCLA §§ 101(23) and 101(24), 42 U.S.C. §§ 9601(23) and 6901(24), and are therefore not recoverable.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

## (UNNECESSARY COSTS)

29. Defendant alleges that some or all costs sought in the Amended Complaint do not constitute "necessary costs of response" as required by CERCLA § 107(a), 42 U.S.C. §§ 9607(a), and that if Defendant is found liable for any costs under CERCLA, which it denies, Defendant is not liable for any such costs that were not or are not "necessary costs."

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

## (RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES)

30. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses may be appropriate.

## **PRAYER FOR RELIEF**

Wherefore, Defendant respectfully prays this Court find that:

1. Plaintiffs take nothing by way of the Complaint and that judgment be rendered in favor of Defendant.

2. That Defendant be awarded costs of suit; and

3. For such other relief as the Court deems just and proper.

Dated: April 26, 2016

ELIZABETH M. WEAVER
H. JOSEPH DRAPALSKI III
**NORTON ROSE FULBRIGHT US LLP**

By  /s/ Elizabeth M. Weaver
ELIZABETH M WEAVER
Attorneys for Defendant
TRIMAS CORPORATION

# PROOF OF SERVICE

I, Elizabeth M. Weaver, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071.

On April 26, 2016, I electronically filed the attached document(s): ***DEFENDANT TRIMAS CORPORATION'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT*** the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

Michael R. Leslie
Kelly L. Perigoe
Kimberly M. Singer
CALDWELL LESLIE & PROCTOR, PC
725 S. Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Tel: (213) 629-9040
Fax: (213) 629-9022
leslie@caldwell-leslie.com
perigoe@caldwell-leslie.com
singer@caldwell-leslie.com
***Attorney for Plaintiffs***

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 26, 2016, at Los Angeles, California.

/s/ Elizabeth M. Weaver
ELIZABETH M. WEAVER