1  ELIZABETH M. WEAVER (BAR NO. 123764)
   elizabeth.weaver@nortonrosefulbright.com
2  H. JOSEPH DRAPALSKI III (BAR NO. 298791)
   joseph.drapalski@nortonrosefulbright.com
3  NORTON ROSE FULBRIGHT US LLP
   555 South Flower Street
4  Forty-First Floor
   Los Angeles, California 90071
5  Telephone: (213) 892-9200
   Facsimile: (213) 892-9494
6
   Attorneys for Defendant
7  TRIMAS CORPORATION

8

   FILED
   CLERK, U.S. DISTRICT COURT
   AUG 2 4 2016
   CENTRAL DISTRICT OF CALIFORNIA
   BY          DEPUTY

9              IN THE UNITED STATES DISTRICT COURT

10             FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12 | ALISU INVESTMENTS, LTD. and         | Case No.: 2:16-CV-00686-GHK(PJWx)
13 | KARGO GROUP GP, LLC                 |
   |                                     | Hon. George H. King AND
14 |           Plaintiffs,               |
   |                                     | STIPULATION AS TO [PROPOSED]
15 |     v.                              | PROTECTIVE ORDER
16 | TRIMAS CORPORATION d/b/a NI         | Trial Date: None set
   | INDUSTRIES, INC., and DOES 1-       |
17 | 10,                                 | Second Amended Complaint Filed:
   |                                     | April 12, 2016
18 |           Defendants.               |

19 _____

20 | TRIMAS CORPORATION d/b/a NI
   | INDUSTRIES, INC.,
21 |
   |           Counter-Claimant,
22 |
   |     v.
23 |
   | ALISU INVESTMENTS, LTD. and
24 | KARGO GROUP GP, LLC,
25 |
   |           Counter-Defendants.

This order does not authorize the parties to file documents under seal. PJW

26
27
28

36356286.1

STIPULATION AS TO [PROPOSED] PROTECTIVE ORDER

WHEREAS, it may be necessary or desirable to take discovery of information which is believed to be confidential and proprietary by the holder thereof; and

WHEREAS, the parties hereto desire to obtain a protective order to prevent dissemination and unnecessary disclosure of such information on the public record; and

WHEREAS, the parties acknowledge that a protective order does not confer blanket protection on all disclosures or responses to discovery, and would extend only to the limited information or items entitled to confidential treatment pursuant to applicable legal principles; and

WHEREAS, the parties believe that good cause exists for entry of a protective order in this case as follows:

## GOOD CAUSE STATEMENT

The parties have stipulated to the entry of this Protective Order in regard to certain discovery material to be made available by the parties in this action. This discovery material includes trade secrets and/or confidential, proprietary and non-public documents and information, the public disclosure of which could be detrimental to the interests of the parties and/or related corporate entities; documents which may contain information that is personal and confidential to third parties, including individuals; and/or documents and information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation). The parties agree that the above-described documents and information, including electronically stored information, should be given the protection of an order of this Court to prevent irreparable harm through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

Accordingly, IT IS HEREBY STIPULATED, subject to the Court's approval, pursuant to Federal Rules of Civil Procedure, Rule 26(c), that the

following provisions shall govern the handling of such confidential information and documents in these proceedings:

1. The following definition shall apply to this Order: A "stamped confidential document" means any document, including any document produced electronically, which contains information that qualifies as confidential under state or federal law and which bears the legend (or which shall otherwise have had the legend recorded upon it or upon the medium in which it is produced, in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to signify that it contains information subject to protection under Federal Rule of Civil Procedure 26(c)(1)(G), or federal or state statute or regulation. For purposes of this Order, the term "document" means all written, recorded, electronically stored, or graphic material produced or created by a party or any other person, whether produced pursuant to the Federal Rules of Civil Procedure, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as stamped confidential documents, but, to the extent feasible, shall be prepared in such a manner that stamped confidential documents are bound separately from those not entitled to protection.

2. Stamped confidential documents and their contents, as well as copies, summaries, notes, memoranda and computer databases relating thereto, shall be and remain confidential, and shall not be disclosed in any fashion, nor be used for any purpose other than the analysis and preparation for trial of this action, except with the prior written consent of the party or other person originally designating a document as a stamped confidential document, or as hereinafter provided under this Order.

3. Notwithstanding paragraph 2, stamped confidential documents may be disclosed to counsel for the parties to this action; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; to any mediator or settlement judge involved in alternative dispute resolution; to in-house counsel and officers of the parties to this action; and to court officials involved in this litigation (including the Court, judicial clerks, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Subject to the provisions of subparagraph 3(d), such documents may also be disclosed:

(a) to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

(b) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; and to outside consultants or experts retained for the purpose of assisting counsel in the litigation; provided, however, that in all such cases, except as noted in paragraph 3(c) below, the individual to whom disclosure is to be made has signed a Confidentiality Agreement, the form of which is attached hereto as Exhibit A, containing —

(1) a recital that the signatory has read and understands this Order and will abide by it;

(2) a recital that the signatory understands that unauthorized disclosures of stamped confidential documents and their substance constitute contempt of court; and

(3) a statement that the signatory consents to the exercise of personal jurisdiction by this Court for purposes of enforcing this Order.

(c) Each outside consultant or expert retained for the purpose of assisting counsel in this litigation to whom disclosure is made pursuant to

paragraph 3(b) above must sign a Confidentiality Agreement, the form of which is attached hereto as Exhibit A. That Agreement then must be returned to counsel hiring said expert or consultant, who shall retain any such Agreements during the pendency of the litigation.

4. Each person executing the Confidentiality Agreement submits to the jurisdiction of this Court for the purposes of enforcement of this Order, either prior to or following the completion of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may become appropriate.

5. Nothing in this Order shall preclude the disclosure by a party of stamped confidential documents that it has produced.

6. Nothing in this Order shall preclude the disclosure by any party of publicly available documents or information.

7. Stamped confidential documents included as part of any pleading or memorandum shall be filed according to this Court's Local Rule 79-5 and this Court's instructions under the Pilot Program for the electronic submission and filing of under seal documents.

8. Persons with knowledge may be deposed regarding stamped confidential documents or the subject matter thereof. Only the parties and persons described in paragraph 3, including the court reporter and the witness, shall be present at such depositions. Transcripts of said depositions shall be treated as stamped confidential documents in accordance with this Order.

9. If, at the time of trial, counsel for any of the parties attempts to introduce into evidence or use in cross-examination any stamped confidential documents, whether as part of a document or deposition testimony, counsel for

either party may request the Court to preserve the confidentiality of that stamped confidential document as the Court deems appropriate.

10.  In the event that another party disagrees with a party's designation of any document or information as confidential, the objecting party shall advise counsel for the designating party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification.  Within 20 days of receiving the objection, the designating party shall advise the objecting party's counsel whether the designating party will change the designation of the document or item.  If this cannot be resolved between the parties, then the dispute will be presented to the Court by motion or otherwise.  During the pendency of any such motion, the designated document or item shall continue to be treated as a stamped confidential document and subject to the provisions of this Order.  On the hearing of any such motion, the burden shall be on the designating party to establish that the designated document or item should be deemed confidential.

11.  Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this litigation and, in the course thereof, relying generally on examination of stamped confidential documents.

12.  If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of such subpoena, order or other legal process.

13.  If a producing party inadvertently or unintentionally produces to a receiving party any document or information without marking it as a stamped confidential document pursuant to paragraph 1, the producing party shall, within 30 days of the discovery of the inadvertent production, give notice to the receiving party in writing and thereafter the receiving party shall treat the document as a stamped confidential document.  Such inadvertent or unintentional disclosure shall

not be deemed a waiver in whole or in part of the producing party's claim of restriction either as to specific documents and information disclosed or on the same or related subject matter.

14. If a producing party inadvertently or unintentionally produces to a receiving party any documents or information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation), the producing party shall, within 30 days of the discovery of the inadvertent production, give notice to the receiving party in writing of the producing party's claim of privilege or immunity from discovery. Thereafter, the receiving party shall immediately return to the producing party the original and all copies of the restricted materials, including copies of the restricted materials disseminated to other persons by the receiving party. The receiving party will be deemed to have notice that material is restricted if the party reasonably should recognize the material is privileged or protected from discovery, or upon written notice by the producing party. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of privilege or immunity from discovery either as to specific documents and information disclosed or on the same or related subject matter. In the event that the receiving party disagrees with the producing party's claim of privilege or immunity from discovery, then the receiving party shall notify the producing party within five (5) business days of receipt of the producing party's written notice of claim of privilege, and shall set forth the precise grounds upon which the receiving party's position rests. If the parties cannot resolve the matter, then the dispute will be presented to the Court by motion or otherwise. During the pendency of any such motion, the receiving party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the receiving party has disseminated a copy of the documents or information

that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending the motion and further notice from the Court.

15. The provisions of this Order shall not terminate at the conclusion of this lawsuit. Within 90 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) either shall be destroyed or returned to the producing party. In the event that stamped confidential documents are produced in electronic form, or are put into electronic form by the receiving party with the consent of the providing party, then the receiving party shall delete all electronic copies of stamped confidential documents from all computer systems, disks, and other electronic medium and devices. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 120 days after final termination of this litigation.

16. The attorneys of record are responsible for employing reasonable measures to control and record, consistent with this Order, duplication of, access to, and distribution of stamped confidential documents, including abstracts and summaries thereof. No duplications of stamped confidential documents shall be made except by counsel to provide working copies and for filing in Court under seal pursuant to paragraph 7.

17. The Clerk may return to counsel or destroy any stamped confidential documents in its possession.

18. It is expressly understood by and between the parties that in granting access to or producing stamped confidential documents in this litigation, the parties shall be relying upon the terms and conditions of this Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: August 19, 2016

ELIZABETH M. WEAVER
H. JOSEPH DRAPALSKI III
**NORTON ROSE FULBRIGHT US LLP**

By /s/Elizabeth M. Weaver
ELIZABETH M WEAVER
Attorneys for Defendant and Counter-Claimant TRIMAS CORPORATION

Dated: August 19, 2016

MICHAEL R. LESLIE
KELLY L. PERIGOE
KIMBERLY M. SINGER
**CALDWELL LESLIE & PROCTOR, PC**

By /s/Michael R. Leslie
MICHAEL R. LESLIE
Attorneys for Plaintiffs and Counter-Defendants ALISU INVESTMENTS, LTD. AND KARGO GROUP GP, LLC

IT IS SO ORDERED.
DATED: 8/23/16

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

1. I acknowledge that I am about to receive confidential information supplied in connection with the proceeding, *Alisu Investments, Ltd., et al. v. TriMas Corporation*, C.D. Cal. Case No. 2:16-CV-00686-GHK(PJWx).

2. I have read the Protective Order governing the restricted use of confidential information in this litigation, a copy of which order has been provided to me. I understand the Protective Order and agree to abide by it.

3. I will not utilize any stamped confidential document or other information subject to the Protective Order for any purpose other than this litigation. I further affirm that I will not reveal the confidential information to, nor discuss it with, anyone, except in accordance with the terms of the Protective Order.

4. I understand unauthorized disclosures of stamped confidential documents or their substance constitute contempt of court.

5. At the termination of this litigation, I will return all documents marked "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" as well as any copies, summaries or abstracts of them, and documents related to them, whether in hard copy, electronic, or digitized format, to the attorney providing confidential materials to me.

6. I submit to the jurisdiction of the United States District Court, Central District of California, as necessary to enforce the provisions of the Protective Order.

Dated: _____

_____
Signature

_____
Printed Name

_____
Address

_____
City, State, Zip

_____
Telephone Number

# PROOF OF SERVICE

I, Elizabeth M. Weaver, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071.

On August 19, 2016, I electronically filed the attached document(s): **STIPULATION AS TO [PROPOSED] PROTECTIVE ORDER** with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

Michael R. Leslie
Kelly L. Perigoe
Kimberly M. Singer
CALDWELL LESLIE & PROCTOR, PC
725 S. Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Tel: (213) 629-9040
Fax: (213) 629-9022
leslie@caldwell-leslie.com
perigoe@caldwell-leslie.com
singer@caldwell-leslie.com
*Attorney for Plaintiffs*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 19, 2016, at Los Angeles, California.

/s/ Elizabeth M. Weaver
ELIZABETH M. WEAVER