ELIZABETH M. WEAVER (BAR NO. 123764)
elizabeth.weaver@nortonrosefulbright.com
H. JOSEPH DRAPALSKI III (BAR NO. 298791)
joseph.drapalski@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494

Attorneys for Defendant
TRIMAS CORPORATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISU INVESTMENTS, LTD. and KARGO GROUP GP, LLC<br><br>Plaintiffs,<br><br>v.<br><br>TRIMAS CORPORATION d/b/a NI INDUSTRIES, INC., A.O. SMITH, BRADFORD WHITE CORPORATION, and DOES 1–10,<br><br>Defendants.<br><br>―――――――――――――――<br>TRIMAS CORPORATION d/b/a NI INDUSTRIES, INC.,<br><br>Counter-Claimant,<br><br>v.<br><br>ALISU INVESTMENTS, LTD. and KARGO GROUP GP, LLC,<br><br>Counter-Defendants. | Case No.: 2:16-CV-00686-MWF(PJWx)<br><br>Hon. Michael W. Fitzgerald<br><br>**DEFENDANT TRIMAS CORPORATION'S COUNTERCLAIMS AGAINST PLAINTIFFS FOR:**<br><br>1) **CONTRIBUTION UNDER CERCLA; and**<br>2) **DECLARATORY RELIEF**<br><br><br>Fourth Amended Complaint Filed: September 13, 2017 |

Pursuant to Fed. R. Civ. P. 13, Defendant and counterclaimant TriMas Corporation ("Counter-Claimant"), by and through the undersigned attorneys, asserts the following counterclaims against Plaintiffs ("Counter-Defendants").

## NATURE OF THE ACTION, PARTIES, JURISDICTION, AND VENUE

1. These are counterclaims brought by Counter-Claimant against Counter-Defendants for contribution, declaratory judgment, and other relief pursuant to 42 U.S.C. § 9613(f)(1) and 42 U.S.C. § 9613(g)(2) of the Federal Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") and 28 U.S.C. § 2201.

2. Counter-Defendants are the Plaintiffs in this action as identified in paragraph 1 of the Fourth Amended Complaint.

3. Counter-Claimant is a Defendant in this action and a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 39400 Woodward Avenue, Suite 130, Bloomfield Hills, Michigan 48304.

4. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1331.

5. Venue is proper in this district pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. §§ 1391(b) and (c).

## FIRST CLAIM FOR RELIEF
### (Contribution under CERCLA)

6. Counter-Claimant incorporates by reference, as if fully set forth herein, paragraphs 1 through 5 of this Counterclaim.

7. Counter-Defendants have commenced this action seeking cost recovery and declaratory judgment against Counter-Claimant, under Section 9607(a) of CERCLA, 42 U.S.C. §§ 9601–9675.

8. As alleged in the Fourth Amended Complaint, Counter-Defendants are the owners of 4901 S. Boyle Avenue, Vernon, California 90058 (the "Property").

Counter-Defendants have allegedly incurred costs to investigate and remediate the Property and seek cost recovery form Counter-Claimant in this action. *See* Fourth Amended Complaint ¶¶ 31–37.

9. Pursuant to 42 U.S.C. § 9613(f)(1), any person may seek contribution from any other person who is liable or potentially liable under Section 9607(a) of CERCLA during or following any civil action under Section 9606 or Section 9607(a) of CERCLA. In resolving contribution claims, the Court may allocate response costs among liable parties using such equitable factors as the Court determines are appropriate.

10. Counter-Defendants and Counter-Claimant are "persons" within the meaning of 42 U.S.C. §§ 9601(21) and 9613(f)(1).

11. This is a civil action in which Counter-Defendants have alleged claims against Counter-Claimant under CERCLA Section 9607(a) and, therefore, Counter-Claimant is entitled to seek contribution under 42 U.S.C. § 9613(f)(1).

12. If liability is established against Counter-Claimant, which is expressly denied, the Court should allocate the response costs sought in Counter-Defendants' CERCLA Section 107(a) claim among liable parties using such equitable factors as the Court determines are appropriate, under 42 U.S.C. § 9613(f)(1).

## SECOND CLAIM FOR RELIEF
### (Declaratory Relief)

13. Counter-Claimant incorporates by reference, as if fully set forth herein, paragraphs 1 through 12 of this Counterclaim.

14. Counter-Defendants have alleged a claim against Counter-Claimant under CERCLA Section 107(a); therefore, CERCLA Section 113, 42 U.S.C. § 9613(f)(1), authorizes Counter-Claimant to seek declaratory relief in this action against all Counter-Defendants.

15. If liability is established, the Court should grant appropriate declaratory relief under 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Claimant demands judgment in its favor and against Counter-Defendants, to the extent authorized by law, as follows:

1. For contribution under CERCLA for past and future response costs, including Counter-Claimant's costs in this action to investigate and remediate the alleged contamination;

2. For a judicial declaration under CERCLA that Counter-Defendants are liable for their equitable share of all present and future response costs including Counter-Claimant's costs in this action to investigate and remediate the alleged contamination;

3. For costs of suit; and

4. For such other and further relief as the Court may deem just and proper.

Dated: September 27, 2017

ELIZABETH M. WEAVER
H. JOSEPH DRAPALSKI III
**NORTON ROSE FULBRIGHT US LLP**


By   /s/ Elizabeth M. Weaver
    ELIZABETH M WEAVER
    Attorneys for Defendant
    TRIMAS CORPORATION