CROCKETT & ASSOCIATES
  Robert D. Crockett (Bar No. 105628)
    *bob@bobcrockettlaw.com*
  Lisa Dearden Trépanier (Bar No. 156302)
    *lisatrepanier@bobcrockettlaw.com*
23929 Valencia Boulevard, No. 303
Valencia, CA 91355
Telephone: (323) 487-1101
Facsimile: (323) 843-9711

Attorneys for Defendants Metal Products Engineering, Luppe Ridgway Luppen, and Paula Busch Luppen

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALISU INVESTMENTS, LTD. and KARGO GROUP GP, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TRIMAS CORPORATION d/b/a NI INDUSTRIES, INC., BRADFORD WHITE CORPORATION, LUPPE RIDGWAY LUPPEN, PAULA BUSCH LUPPEN, METAL PRODUCTS ENGINEERING, DEUTSCH/SDL, LTD., RHEEM MANUFACTURING COMPANY, and INFINITY HOLDINGS, LLC,<br><br>Defendants.<br><br>AND ALL COUNTERCLAIMS | CASE NO.: 2:16-cv-00686 MWF (PJWx)<br><br>**DEFENDANTS METAL PRODUCTS ENGINEERING, LUPPE RIDGWAY LUPPEN, AND PAULA LUPPEN'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>Date: March 12, 2018<br>Time: 10:00 a.m.<br>Judge: Honorable Michael W. Fitzgerald<br><br>Jury Trial: August 13, 2019 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

### INTRODUCTION

Plaintiffs allege that metal stamping has been conducted at 3050 Leonis Blvd. since 1986. Fourth Amended Complaint, Dkt. 82 ("Complaint") ¶ 20. Plaintiffs further allege: "Metal stamping includes a cleaning step which employs degreasing with chlorinated solvents, including PCE." *Ibid.* What is missing from the allegations of the Complaint is key. **Plaintiffs do not allege, and cannot allege, that any degreasing was conducted at 3050 Leonis Blvd.** Metal stamping and degreasing are two completely separate processes which do not necessarily take place in the same location. The allegation that metal stamping occurred at 3050 Leonis Blvd. does not automatically lead to the conclusion that degreasing occurred there.

Plaintiffs do not allege, and cannot allege, that Defendants Metal Products Engineering, Luppe Ridgway Luppen, or Paula Busch Luppen ("Moving Defendants") purchased any PCE or used any PCE in any degreasing operations at 3050 Leonis Blvd. Plaintiffs do not allege when or how PCE was discharged at 3050 Leonis Blvd. The Complaint merely alleges that some PCE was manifested (transported) off-site from 1999-2001.[1] Complaint ¶ 20. Lawfully transporting a chemical off-site is not the same as dumping it in a drain, or onto the soil, or into the sewer. There are no such allegations.

The Complaint merely states that metal stamping occurs at 3050 Leonis Blvd. and some PCE was transported off-site decades ago. The Complaint then leaps to the conclusion that PCE was "discharged into the soil and groundwater."

---

[1] Although beyond the four corners of the Complaint, the evidence will show that Metal Products did not manifest 176 gallons of PCE from 1999-2001 (Complaint ¶ 20), but instead manifested 176 gallons of wastewater, which included trace amounts of soap and trace amounts of PCE.

Complaint ¶ 20. Such conclusory and unsupported allegations are insufficient under any iteration of the standard for pleading a CERCLA claim.

Further, although Plaintiffs allege they have been conducting groundwater monitoring and testing for three years at their property (Complaint ¶ 18), there are no allegations in the Complaint about the direction or gradient of the groundwater flow between 3050 Leonis Blvd. and Plaintiffs' property.

There are simply no allegations, and cannot be any allegations, of how, when, or where PCE from 3050 Leonis Blvd. made its way to Plaintiffs' property.

## II.

### PLAINTIFFS CANNOT "CURE" DEFECTS IN THEIR COMPLAINT IN THEIR OPPOSITION

Plaintiffs' Opposition attempts a cure with argument:

- "Plaintiffs allege that PCE used in the metal stamping operations have been discharged into the soil and groundwater at 3050 Leonis Blvd., and have migrated to Plaintiffs' property at 4901 S. Boyle Avenue following the flow of groundwater, causing the contamination found in the groundwater, soil, and soil vapor there." Opposition ("Opp.") at 2.
- "Defendants engaged in activities that led to the discharge of PCE." Opp. at 7.
- "These allegations, taken as true, establish that degreasing has occurred on 3050 Leonis Blvd. since 1986, and the discharge took place during that period." Opp. at 13.
- "Defendant Metal Products Engineering has operated at 3050 Leonis Blvd. since 1986 and conducted metal stamping activities since that time that involved the handling of PCE." Opp. at 13.

None of those allegations is in the Complaint and cannot be considered in

1  opposition to a 12(b)(6) motion to dismiss.  *Chubb Custom Ins. Co. v. Space Systems/Loral, Inc.*, No. C 09-4485 JF (PVT), 2010 U.S. Dist. LEXIS 15624, *10 (N.D. Cal. Feb. 23, 2010) ("*Chubb I*").

   The Complaint does not state that PCE was used in metal stamping operations *at 3050 Leonis Blvd.*  Nor does it state that any Moving Defendant engaged in degreasing activities, or any other activities which led to the discharge of PCE.  It states that "Metal stamping includes a cleaning step which employs degreasing with chlorinated solvents, including PCE."  Complaint ¶ 20.  Even if true, the Complaint does not allege, and cannot allege, that degreasing was performed at 3050 Leonis Blvd.  The allegation that "PCE used in these operations have been discharged into the soil and groundwater" (*Ibid.*) makes no sense when there is no allegation that "these operations," presumably degreasing, was actually performed at 3050 Leonis Blvd.

   Further, the allegation "have migrated to Plaintiffs' property . . . following the flow of groundwater" does not appear in the Complaint.  There are no allegations regarding the direction or gradient of the groundwater flow from 3050 Leonis Blvd. to Plaintiffs' property.  Plaintiffs' Opposition states that there is no "need for Plaintiffs to specifically allege" anything about aquifers or whether "the properties are upgradient or downgradient of one another."  Opp. at 7.  Surely Plaintiffs have this information in their possession, after three years of groundwater monitoring, and a court is not required to draw an inference when the facts are lacking.

# III.

# ARGUMENT

A. The CERCLA Claims (First and Second Claims)

   1. Plaintiffs' CERCLA allegations fail under any standard of required specificity

Plaintiffs cite *Roosevelt Irrigation Dist. v. Salt River Project Agric. Improvement & Power Dist.*, 39 F. Supp. 3d 1059, 1065 (D. Ariz. 2014) for the proposition that detailed facts are not required to survive a Rule 12(b)(6) motion to dismiss. Opp. at 3. The court there found that the following facts were sufficiently "detailed" to survive a motion to dismiss: "two different degreasing processes were used *in the plant*," identifying dates when both processes were used; "PCE . . . [was] detected in soil and soil gas samples beneath the [Defendants'] property"; "PCE was contained in a 750-gallon capacity internal tank house in the dry cleaning machine, and drums containing PCE sludge were stored in the dry cleaning room"; "PCE has been detected in both soil and soil gas samples and is present in elevated concentrations beneath a majority of the [Defendants'] site"; "releases of PCE occurring at the facility contaminated groundwater beneath the facility and migrated downgradient of the facility"; "wastewater from manufacturing processes were at one time discharged to floor drains connecting to septic systems and cesspools for subsurface disposal"; "PCE . . . is present in soil gas samples in the vicinity of leaking sewer lines"; "[Defendant] used . . . PCE . . . in the maintenance area to repair, maintain, lubricate, degrease, and clean automotive parts"; "groundwater in the vicinity of the [Defendant's] facility migrates in a westward direction towards [Plaintiff's] groundwater wells"; "four to five gallons of [hazardous substance] were released into one of the drywells in 1989"; "waste disposal at the [Defendants'] site consisted of septic tanks and seepage pits"; "contaminated groundwater associated with the upgradient [Defendant] site is entering the [Plaintiff's property] from the north". 39 F. Supp.

3d at 1068-1070 (emphasis added).

The court in *Roosevelt Irrigation* concluded that Plaintiff "has alleged facts demonstrating a 'plausible migration pathway by which the contaminants could have traveled from the defendant's facility to the plaintiff's site,' by alleging that the [contaminants] from each of Defendants' sites has traveled downward, coming in contact with the water table, and the migrating through the hydrologically connected groundwater to form a commingled contaminated plume affecting [Plaintiff's] groundwater wells." 39 F. Supp. 3d at 1075.

Under any standard – *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), *or Chubb I* – Plaintiffs' allegations are insufficient.

In *Chubb I*, the plaintiff argued that the pleading requirement of *Ascon Properties v. Mobil Oil Co.*, 866 F.2d 1149 (9th Cir. 1989) was the standard, not *Iqbal* or *Twombly*. *Chubb I*, 2010 U.S. Dist. LEXIS 15624, *9. *Ascon* stated that "a plaintiff need not allege the particular manner in which a release or threatened release of hazardous substance had occurred in order to establish a prima facie case under CERCLA." 866 F.2d at 1153. The *Chubb I* court disagreed that *Ascon* was the standard: "The Court agrees with [Defendant] that *Iqbal* provides the correct framework for analyzing the sufficiency of a civil complaint and that the pleading at issue here does not satisfy *Iqbal*. [Plaintiff] fails to allege any facts that could support an inference connecting the gas station, which is not alleged to have been located within the boundaries of the [Contaminated Property], to the clean-up on the [Contaminated Property]." *Chubb I,* 2010 U.S. Dist. LEXIS 15624, *11-12. Plaintiff amended, alleging that "[elevated] concentrations of [certain hazardous substances] were observed near and emanating from [Chevron's] gasoline service station." *Chubb Custom Ins. Co. v. Space Systems/Loral, Inc.*, No. C 09-4485 JF (PVT), 2010 U.S. Dist. LEXIS 62332, *29 (N.D. Cal. Jun. 23, 2010) ("*Chubb II*"). The court held even this allegation was insufficient and again granted a motion to

dismiss. *Id.* at *30.

The property at 3050 Leonis Blvd. is not located "within the boundaries of" Plaintiffs' property, nor have *any* concentrations of *any* hazardous substances been observed near or emanating from 3050 Leonis Blvd. Yet Plaintiffs maintain that allegations that metal stamping is performed at 3050 Leonis Blvd. (with no allegations that degreasing was performed there) and that Moving Defendants lawfully manifested some PCE decades ago bring their Complaint within the requirements of *Chubb I* or *Iqbal* or *Twombly*. They do not.

Even in *Ascon*, which was not used as the standard by the *Chubb I* court, the allegations were far beyond those here. In *Ascon*, the court stated: "Perhaps most important, [plaintiff] alleged with specificity the various dates on which the eleven oil company defendants and four transporter defendants deposited hazardous waste onto the property." 866 F.2d at 1156. Here there are no allegations of any dates when any hazardous waste was deposited onto Plaintiffs' property. There are only vague allegations of lawful manifesting from 1999-2001 and speculation about degreasing. Complaint ¶ 20.

### 2. Plaintiffs' Contrary Allegations Regarding Ownership Cannot Withstand a Motion to Dismiss

Plaintiffs' attempt to provide a "reasonable reading" of its contradictory allegations about ownership of 3050 Leonis Blvd. (Opp. at 14) does not change the fact that the allegations are contradictory. In paragraph four, the Complaint alleges that 3050 Leonis Blvd. is owned by the Luppe and Paula Luppen Living Trust, with Ridge and Paula Luppen as co-trustees. Complaint ¶ 4. But then in paragraph 20, it states that 3050 Leonis Blvd. has been owned by Ridge Luppen since 1988. *Id.* ¶ 20. These contradictory and confusing ownership allegations make it unclear who is the "owner." In *Hazel Green Ranch, LLC v. U.S.*, No. 1:07-CV-00414 OWW SMS, 2010 U.S. Dist. LEXIS 37733, *38 (E.D. Cal. Apr. 5, 2010), the district court dismissed causes of action in the complaint because they contained

1  "contradictory allegations" regarding property ownership.

2      As prior owners are liable only for contamination which occurred during
3  their ownership (42 U.S.C. § 9607(a)(2)), it is crucial that the Complaint identify
4  who owned the property and when. As this is a matter of public record, it seems a
5  simple task for Plaintiffs to perform. Plaintiffs cannot simply hope the court can
6  navigate its contradictions and find a "reasonable reading." Opp. at 14.
7  Ownership must be alleged properly. Contradictory allegations regarding
8  ownership cannot withstand a motion to dismiss.

9  **B.    Third Claim under California Health & Safety Code section 25363**

10      As discussed above, Plaintiffs do not allege that degreasing occurred at 3050
11  Leonis Blvd., that PCE was used in degreasing at 3050 Leonis Blvd., or how any
12  "release" or "discharge" occurred. As such, Plaintiffs' claim under section 25363
13  of the California Health & Safety Code fails.

14  **C.    Fourth Claim for Implied Equitable Indemnity**

15      Plaintiffs argue they are entitled to implied equitable indemnity based on
16  "Defendants' negligent property management and failure to prevent contaminant
17  discharges." Opp. at 16. However, there are no allegations that Moving
18  Defendants performed any degreasing at 3050 Leonis Blvd., using PCE or
19  otherwise. There are no allegations that Moving Defendants discharged PCE into
20  the soil or groundwater. Plaintiffs have not connected any activity of Moving
21  Defendants with any PCE discharge. CERCLA liability may be strict, but
22  Plaintiffs here argue negligence. They have made no allegation that Moving
23  Defendants did anything other than conduct metal stamping and legally manifest
24  PCE. Complaint ¶ 20. As such, Plaintiffs' allegations for implied equitable
25  indemnity fail.

26  **D.    Fifth Claim for Private Nuisance**

27      Plaintiffs argue that "the allegations establish that Defendants released PCE
28  at 3050 Leonis Blvd." Opp. at 18. They do not. The allegations establish that

Metal Products engaged in metal stamping and legally manifested PCE. There are no allegations that degreasing was performed at 3050 Leonis Blvd. The allegation that "PCE used in these operations have been discharged into the soil and groundwater" makes no sense. "These operations" is presumably degreasing, but there is no allegation degreasing took place. There are also no allegations as to how PCE was discharged. Plaintiffs argue that they "describe the 'release and disposal' of hazardous materials at Defendants' property to establish the Defendants' causal relationship to the nuisance." *Ibid.* Neither the word "release" nor the word "disposal" is used in any allegation against Moving Defendants. Further, there is no description of any "release and disposal" other than the bare "PCE used in these operations have been discharged." *Ibid.* That is not a description; it is a conclusion.

E.   **Sixth Claim for Continuing Trespass**

Plaintiffs state that "Defendants placed PCE onto the Property by releasing it to groundwater." Opp. at 19. There is no such allegation in the Complaint. There is no allegation that Moving Defendants conducted degreasing at 3050 Leonis Blvd., using PCE or otherwise. The only allegations are that Moving Defendants conducted metal stamping and legally manifested PCE. There are no allegations that Moving Defendants "placed PCE onto the Property by releasing it to groundwater." There is only the bare allegation that "PCE used in these operations have been discharged into the soil and groundwater." Complaint ¶ 20. No who or where or how.

F.   **Eighth Claim for Negligence**

Plaintiffs in their Opposition are trying to rewrite their Complaint. They claim they "describe the existence and use of PCE at Defendants' property." Opp. at 19-20. They do not describe the "use of PCE at Defendants' property." They state metal stamping involves degreasing with PCE, but they do not allege, and cannot allege, that Moving Defendants conducted degreasing at 3050 Leonis Blvd.

1 Complaint ¶ 20. They only allege that Metal Products lawfully manifested PCE decades ago. *Ibid.*

Plaintiffs also claim their complaint alleges "the transmission vector: PCE discharged to the subsurface at Defendants' property flowed via groundwater to Plaintiffs" adjacent property." Opp. at 20. There is no allegation that PCE was "discharged to the subsurface at Defendants' property." There is no allegation whatsoever as to how any PCE made it into any soil or groundwater.

## G.  Ninth Claim for Declaratory Relief

Plaintiffs' argument that there is an "actual" or "live" controversy is belied by their description of the "controversy." They state "there is ongoing contamination, flowing to the Property via groundwater from Defendants' neighboring properties, causing a host of injuries to Plaintiffs at the Property." Opp. at 20. If Metal Products manifested PCE only in 1999-2001, how is there "ongoing contamination"? There are no allegations of the presence of PCE at 3050 Leonis Blvd. other than decades ago. Complaint ¶ 20. As discussed above, Plaintiffs have failed to connect the dots between Moving Defendants' activities and any contamination at Plaintiffs' property.

## IV.

### PLAINTIFFS SHOULD NOT BE ALLOWED DISCOVERY OR LEAVE TO AMEND

Plaintiffs' request for an opportunity to conduct discovery (Opp. at 21) "is unsupported and defies common sense. The purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). As such, Plaintiffs' request for discovery should be denied.

Plaintiffs cannot demonstrate that any potential amendment would include the required allegations that degreasing was conducted at 3050 Leonis Blvd., that

PCE other than trace amounts was present at 3050 Leonis Blvd., or that PCE was discharged into the soil or groundwater. *Zadrozny v. Bank of New York Mellon*, 720 F.3d 1163, 1173 (9th Cir. 2013) ("[A] party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile.") (citation omitted). As such, Plaintiffs' request for leave to amend (Opp. at 21) should be denied.

## V. CONCLUSION

For the reasons set forth above, Moving Defendants respectfully request that this Court grant their Motion to Dismiss without leave to amend.

DATED: February 26, 2018

CROCKETT & ASSOCIATES

By_____
Robert D. Crockett
Lisa Dearden Trépanier
Attorneys for Metal Products Engineering, Luppe Ridgway Luppen, and Paula Busch Luppen

4817-0785-2638, v. 1