UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 16-686-MWF (PJWx) | Date: April 4, 2018 |
| Title: | Alisu Investments, Ltd., et al. v. TriMas Corporation, et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE: DEFENDANTS METAL PRODUCTS ENGINEERING, LUPPE RIDGWAY LUPPEN, AND PAULA LUPPEN'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) [141]

Before the Court is the Motion to Dismiss Pursuant to FRCP 12(b)(6) (the "Motion") (Docket No. 141) filed by Defendants Metal Products Engineering ("MPE"), Luppe Ridgway Luppen, and Paula Luppen (collectively, the "Moving Defendants") on January 26, 2018. On February 16, 2018, Plaintiffs Alisu Investments, Ltd. ("Alisu") and Kargo Group GP, LLC ("Kargo") filed an Opposition. (Docket No. 146). On February 26, 2018, the Moving Defendants filed a Reply. (Docket No. 147). The Court held a hearing on April 2, 2018.

For the reasons set forth below, the Motion is **GRANTED** in its entirety *with leave to amend*. Each of Plaintiffs' statutory and common law claims against the Moving Defendants is premised upon a single theme: at some unspecified time(s) between 1986 and present, PCE has been released into the environment from the Luppen Property (among other neighboring properties) and has migrated to Plaintiffs' Property, causing Plaintiffs' to incur remediation expenses. But the Fourth Amended Complaint contains no factual content suggesting that there has ever been any such release from the Luppen Property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-686-MWF (PJWx)                    Date:  April 4, 2018
Title:      Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

As discussed the hearing, the Court perceives that the difficult legal issues will in fact be addressed at the hearing on the likely future motion to dismiss the Fifth Amended Complaint.

I.   **BACKGROUND**

On February 1, 2016, Plaintiffs filed their original Complaint against TriMas Corporation ("TriMas") and ten "Doe" defendants.  (*See* Complaint (Docket No. 1)).  Plaintiffs alleged that they are the owners (Alisu owning 75%, and Kargo owning 25%) of a 3.65-acre property located at 4901 S. Boyle Avenue, Vernon, California, 90058 (the "Property").  (*Id.* ¶ 1).  TriMas is the successor-in-interest to Norris Industries, Inc. ("Norris"), a former tenant and operator of the Property.  (*Id.* ¶ 2).  Plaintiffs alleged that from 1981 to 1991, Norris operated a munitions manufacturing business at the Property, and in connection with those operations "used various chemicals classified as hazardous substances, such as chlorinated solvents including but not limited to tetrachloroethylene ('PCE') and trichloroethylene ('TCE'), among other hazardous substances, and released those substances on, into and under the Property."  (*Id.* ¶ 14).  Plaintiffs alleged that, as a result of those activities, the Property is currently contaminated with unsafe levels of PCE and TCE, and asserted nine claims for relief against TriMas, including claims under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, and California's Hazardous Substance Account Act ("HSAA"), Cal. Health & Safety Code § 25300 *et seq.*  (*Id.* ¶¶ 15-37).

Between March 2016 and September 2016, Plaintiffs filed their First, Second, and Third Amended Complaints, each of which maintains the same basic factual allegations and claims for relief, and each of which names TriMas as the sole defendant.  (*See* Docket Nos. 12, 16, 37).

On September 13, 2017, Plaintiffs filed the operative Fourth Amended Complaint ("FAC"), in which they for the first time name MPE, Luppe Luppen, and Paula Luppen, among others (in addition to TriMas) as Defendants.  (*See* FAC (Docket No. 82)).

---

**CIVIL MINUTES—GENERAL**                                              2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-686-MWF (PJWx)			Date:  April 4, 2018
Title:	Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

Plaintiffs allege that Luppe Luppen and Paula Luppen, as a result of being co-trustees of the Luppe and Paula Luppen Living Trust, are the owners of a "neighboring property" (*i.e.*, neighboring the Plaintiffs' Property) located at 3050 Leonis Blvd., Vernon, California, 90058 (the "Luppen Property"), and that MPE has operated at the Luppen Property since 1986.  (*Id.* ¶¶ 4-5).  More specifically, Plaintiffs allege that Norris sold the Luppen Property to MPE in 1986 and MPE "granted the [Luppen Property] two years later to its founder Defendant Luppe Luppen."  (*Id.* ¶ 20).

Plaintiffs allege in paragraphs 20 and 21 of the FAC that activities conducted on the Luppen Property have contributed to PCE contamination on Plaintiffs' Property:

> 20.    … Since 1986, industrial activities at the [Luppen Property] have included metal stamping.  Metal stamping includes a cleaning step which employs degreasing with chlorinated solvents, including PCE.  EPA records [show that] Defendant Metal[ ] Products Engineering *manifested* approximately 176 gallons of PCE from 1999-2001.  PCE used in these operations have been *discharged* into the soil and groundwater and impacted [Plaintiffs'] Property.
>
> 21.    The close proximity to [Plaintiffs'] Property and direction of groundwater flow has led to PCE, originally *discharged* into the soil and groundwater at [the Lupen Property], to impact both groundwater and soil vapor at [Plaintiffs'] Property.

(FAC ¶¶ 20-21) (emphasis added).

Plaintiffs allege that they engaged Environmental Audit, Inc. ("EAI"), an environmental consulting firm, to perform testing on their Property.  (*Id.* ¶ 18).  After EAI completed its "Phase I" and "Phase II" testing in March and July 2015, respectively, "Plaintiffs discovered for the first time that the indoor air, soil and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-686-MWF (PJWx)				Date:  April 4, 2018
Title:	Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

subsurface at the Property was contaminated with, *inter alia*, PCE and TCE, at concentrations above screening levels developed by the Department of Toxic Substances Control (DTSC) and EPA for commercial-industrial land use." (*Id.*).

Plaintiffs allege that they "have never used or handled PCE or TCE at [their] Property." (*Id.* ¶ 28). "As a result of the releases and threatened releases of hazardous substances on [Plaintiff's] Property, Plaintiffs have voluntarily incurred significant costs to conduct environmental investigation and remediation activities at the Property, which are still ongoing…" (*Id.* ¶ 29). "In addition, Plaintiffs will be required in the future to expend significant amounts of money in conducting further environmental investigation and remediation activities at the Property, including but not limited to demolition and redevelopment costs." (*Id.*). "Also as a result of Defendants' actions, the Property's value has been severely diminished…" (*Id.*).

Plaintiffs assert eight of their nine claims for relief against the Moving Defendants (eight claims are asserted against all Defendants; one claim for waste is asserted only against TriMas): (1) liability for response costs under CERCLA; (2) declaratory relief under CERCLA; (3) liability for response costs under section 25363 of the HSAA; (4) "implied equitable indemnity and/or partial implied equitable indemnity"; (5) continuing private nuisance; (6) continuing trespass; (7) negligence; and (8) declaratory relief. (FAC ¶¶ 30-70, 77-84).

## II.	PLEADING STANDARD

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny. "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory

---

**CIVIL MINUTES—GENERAL**					4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 16-686-MWF (PJWx)          Date:  April 4, 2018**
**Title:     Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.**

nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'"  *Eclectic Properties*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief.  *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).  Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Properties*, 751 F.3d at 996–97; *see also Somers*, 729 F.3d at 960.

### III. DISCUSSION

#### A. CERCLA Claims

To state a viable claim for recovery of response costs under CERCLA, a plaintiff must allege that: "(1) the site on which the hazardous substances are contained is a 'facility' under CERCLA's definition of that term, Section 101(9), 42 U.S.C. § 9601(9); (2) a 'release' or 'threatened release' of any 'hazardous substance' from the facility has occurred, 42 U.S.C. § 9607(a)(4); (3) such 'release' or 'threatened release' has caused the plaintiff to incur response costs that were 'necessary' and 'consistent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-686-MWF (PJWx)　　　　　Date:  April 4, 2018
Title:　　Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

with the national contingency plan,' 42 U.S.C. §§ 9607(a)(4) and (a)(4)(B); and (4) the defendant is within one of four classes of persons subject to the liability provisions under Section 107(a)." *City of Colton v. Am. Promotional Events, Inc.-West*, 614 F.3d 998, 1002-03 (9th Cir. 2010) (internal citations and quotation marks omitted).

The Moving Defendants do not dispute that the Luppen Property constitutes a "facility" within the meaning of CERCLA. But they do argue that Plaintiffs have not plausibly alleged that: (1) any "release" or "threatened release" of a hazardous substance occurred on the Luppen Property that contributed to the contamination of Plaintiffs' Property; (2) the alleged response costs Plaintiffs incurred were necessary and consistent with the national contingency plan; or (3) any of the Moving Defendants are within the class of persons subject to liability under CERCLA (this is due, the Moving Defendants argue, to "confusing" allegations regarding the ownership of the Luppen Property). (Mot. at 4-8).

The Moving Defendants first argue that Plaintiffs have failed to plausibly allege that there has been a "release" of hazardous substances on the Luppen Property in accordance with *Twombly*, *Iqbal*, or post- *Twombly*/*Iqbal* CERCLA case law. In support of this argument, the Moving Defendants rely primarily on *Chubb Custom Ins. Co. v. Space Systems/Loral, Inc.*, No. C 09-4485 JF (PVT), 2010 WL 689940 (N.D. Cal. Feb. 23, 2010) ("*Chubb I*"), and *Chubb Custom Ins. Co. v. Space Systems/Loral, Inc.*, No. C 09-4485 JF (PVT), 2010 WL 2573386 (N.D. Cal. June 23, 2010) ("*Chubb II*"). In *Chubb I* and *Chubb II*, the district court, *inter alia*, granted defendant Chevron Corporation's ("Chevron") motions to dismiss the plaintiff's original and first amended complaints, respectively, due to the plaintiff's failure to plausibly allege that any "release" of hazardous substances on Chevron's property caused the plaintiff to incur remediation-related costs.

In *Chubb I*, after discussing the parties' competing characterizations of the plaintiff's allegations and the appropriate pleading standards, the district court dismissed the plaintiff's complaint with leave to amend as to Chevron where the plaintiff had "fail[ed] to allege any facts that could support an inference connecting [Chevron's] gas station, which is not alleged to have been located within the

**CIVIL MINUTES—GENERAL**　　　　　　　　　　　　　　　　6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-686-MWF (PJWx)                    Date:  April 4, 2018
Title:    Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

boundaries of the Site [a 47-acre space defined in the complaint], to the clean-up on the parcel [plaintiff] currently owns." *Chubb I*, 2010 WL 689940, at *4.

In *Chubb II*, the district court took note of what was presumably the plaintiff's most specific release-related allegation concerning Chevron – that "'[e]levated concentrations of [certain hazardous substances] were observed near and emanating from the former Chevron gasoline service station'" – and nonetheless dismissed the first amended complaint due to the plaintiff's failure to "allege[ ] sufficient facts to establish that any of the costs it incurred resulted from releases from [Chevron's former service station]." *Chubb II*, 2010 WL 2573386, at *10 (quoting plaintiff's first amended complaint) (first alteration in original).

Plaintiffs argue that, "[u]nlike *Chubb I* and *Chubb II*, the [Fourth Amended] Complaint alleges that Defendants at various times owned and operated the property; that the properties are neighboring; that [the Moving] Defendants engaged in activities that led to the discharge of PCE, and/or owned the property while those activities were occurring; and that the direction of groundwater flow caused the discharge to flow onto Plaintiffs' property." (Opp. at 7). The Court disagrees with Plaintiffs as to the "discharge of PCE" issue.

Plaintiffs' release-related allegations with respect to the Moving Defendants are less specific than the *Chubb II* plaintiff's release-related allegations with respect to Chevron. In *Chubb II*, the plaintiff's first amended complaint included an allegation that Chevron's own property suffered from elevated levels of hazardous substances, which could arguably give rise to an inference that there had been a "release" of hazardous substances on Chevron's property, which could in turn give rise to an inference that those hazardous substances migrated to the plaintiff's property. Here, Plaintiffs do not allege that the Luppen Property itself suffers from elevated levels of PCE (or any other hazardous substance). Instead, the Fourth Amended Complaint's most specific release-related allegation with respect to the Moving Defendants is that "EPA records [show that] Defendant Metal Products Engineering *manifested* approximately 176 gallons of PCE from 1999-2001." (FAC ¶ 20) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 16-686-MWF (PJWx)**                    **Date:  April 4, 2018**
**Title:**     Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

What do Plaintiffs mean by "manifested," and does "manifesting" a hazardous substance constitute "releasing" it?  Where did MPE "manifest" PCE between 1999 and 2001?  Did MPE "manifest" PCE on/from the Luppen Property or on/from some other location?  Neither the Fourth Amended Complaint (which does not use the term "manifest" in connection with any other defendant) nor Plaintiffs' Opposition provide any clarity.  A review of the EPA's website leads the Court to believe that Plaintiffs' intent was to allege that MPE ***disposed of*** (by arranging for its transportation to an offsite disposal facility in a controlled manner) 176 gallons of PCE between 1999 and 2001 and registered that disposal with the EPA by way of a standardized form called the Uniform Hazardous Waste Manifest.  *See* https://www.epa.gov/hwgenerators/hazardous-waste-manifest-system ("EPA's hazardous waste manifest system is designed to track hazardous waste from the time it leaves the generator facility where it was produced, until it reaches the off-site waste management facility that will store, treat or dispose of the hazardous waste…  The key component of this tracking system is the Uniform Hazardous Waste Manifest, a form required by EPA and Department of Transportation for all generators who transport, or offer for transport, hazardous waste for off-site treatment, recycling, storage or disposal.").

Plaintiffs have not cited any authority supporting the proposition that a plaintiff need only allege that a defendant has "manifested" a hazardous substance at/from some unspecified location to state a viable CERCLA claim, and the Court has located no such authority.  CERCLA itself defines "release" as "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing ***into the environment*** …"  42 U.S.C. § 9601(22) (emphasis added).  "The term 'environment' includes any 'surface water, ground water, drinking water supply, land surface or subsurface strata, or ambient air within the United States.'"  *Sycamore Indus. Park Associates v. Ericsson, Inc.*, 546 F.3d 847, 853 (7th Cir. 2008) (quoting 42 U.S.C. § 9601(8)).  "Manifesting" is not part of the definition.  Certainly a company's disposal of a hazardous substance in a controlled, EPA-approved manner and registration of that disposal with the EPA cannot, without more, serve as a basis for a neighboring company to file a CERCLA lawsuit.  *See id.* ("[W]hen there is no

---

**CIVIL MINUTES—GENERAL**                                                                                      **8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 16-686-MWF (PJWx)                **Date:**  April 4, 2018
**Title:**     Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

emission into the outside environment, but rather any hazard … would be confined …, there is no release or threatened release, and thus there can be no liability under CERCLA."). That would incentivize the very surreptitious and unregulated dumping of hazardous substances that CERCLA aims to prevent.

Absent the "manifest" allegation, Plaintiffs have alleged merely that "PCE used in [MPE's] operations ha[s] been discharged into the soil and groundwater and impacted the [Plaintiff's] Property." When has PCE "been discharged into the soil and groundwater" on the Luppen Property? Under what general circumstances? While Plaintiffs "need not allege the precise manner of the release," they must at least allege some "time frame … for when the releases occurred." *Coppola v. Smith*, 935 F. Supp. 2d 993, 1009 (E.D. Cal. 2013) (citing *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1153 (9th Cir. 1989)). "At the pleading stage, a time frame need not be alleged with pinpoint precision, but a general time frame, to the best of [Plaintiffs'] ability, should be included." *Id.* (citing *Ascon*, 866 F.2d at 1156); *cf. Ascon*, 866 F.2d at 1156 ("Perhaps most important, Ascon alleged with specificity the various dates on which the eleven oil company defendants and four transporter defendants deposited hazardous waste onto the property. These … allegations in particular clearly provided general notice of the nature of the CERCLA claim."). Plaintiffs allege that MPE has been operating on the Luppen Property since 1986. In order to survive a motion to dismiss, Plaintiffs must at least generally allege when and how, over the course of the past 32 years, PCE has been released on or from the Luppen Property.

While it is clear that Plaintiffs may not merely allege that MPE "manifested" PCE at/from some unspecified location (as that simply implies that MPE properly disposed of PCE in a controlled manner) and that Plaintiffs must generally allege when, during the course of the last 32 years, PCE has been "discharged" on/from the Luppen Property, the precise contours of viable release-related allegations are not well defined in the case law or by the parties in their briefing. While every detail of an alleged release need not be included in a complaint, something more than a bare allegation that a hazardous substance has been "discharged" at some unspecified time is required. *Compare Coppola*, 935 F. Supp. 2d at 1009 (allegation that "hazardous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-686-MWF (PJWx)                    Date:  April 4, 2018
Title:    Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

substances were released at 110 N. Willis and that those hazardous substances spread to 717 N. Main" not sufficient to satisfy CERCLA's "release" element) *with Roosevelt Irr. Dist. v. Salt River Project Agr. Imp. And Power Dist.*, 39 F. Supp. 3d 1059, 1077 (D. Ariz. 2014) (release allegations sufficient where, "in addition to alleging that [defendant] used [hazardous substances in connection with its business operations] …, [plaintiff] also alleged that [hazardous substances] were detected in the soil gas samples beneath [defendant's] facility … [and] that groundwater investigations conducted at the [defendant's] facility beginning in 1997 confirm the presence of [hazardous substances] in the groundwater beneath the facility.  Thus, [plaintiff] did not merely allege that [hazardous substances] were used, but also included facts alleging a release.").

To the extent Plaintiffs are able to add *some* general details – even details "upon information and belief" – concerning the timing and circumstances of the alleged release(s) on/from the Luppen Property, those details would seemingly go a long way to forestalling or overcoming another motion to dismiss.

Because Plaintiffs have not yet plausibly alleged a "release" of hazardous substances on the Luppen Property, Plaintiffs have not stated a viable "liability for response costs under CERCLA" claim against the Moving Defendants and the Court need not reach the Moving Defendants' other CERCLA arguments (which Plaintiffs will have the benefit of in drafting a fifth amended complaint, if they choose).  Because Plaintiffs have not stated a viable substantive CERCLA claim against the Moving Defendants, they also have not stated a viable "declaratory relief under CERCLA" claim.  *See, e.g., Chubb I*, 2010 WL 689940, at *8 ("Chubb's claim for declaratory relief [under CERCLA] depends on the viability of one or more of its underlying CERCLA claims.").

Accordingly, the Motion is **GRANTED** *with leave to amend* as to Plaintiffs' CERCLA claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-686-MWF (PJWx)                Date:  April 4, 2018
Title:    Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

### B. HSAA Claim

"The HSAA is California's counterpart" to CERCLA.  *Orange County Water District v. Sabic Innovative Plastics US, LLC*, 14 Cal. App. 5th 343, 371, 222 Cal. Rptr. 3d 343 (2017).  "Although the HSAA and CERCLA are not identical, the HSAA adopts CERCLA's standards for determining liability."  *Id.*  "A private cause of action under the HSAA therefore has the same elements as a cause of action under CERCLA."  *Id.*

As with CERCLA, a plaintiff asserting a HSAA claim must establish, *inter alia*, a "release" or "threatened release" of a hazardous substance.  *Id.* (citing 42 U.S.C. § 9607(a)(4)).  Identically to CERCLA, the HSAA defines "release" as "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing into the environment …"  (*Compare* Cal. Health & Safety Code § 25320 *with*  42 U.S.C. § 9601(22)).

Given Plaintiffs' failure to plausibly allege any "release" of a hazardous substance on the Moving Defendants' part in connection with their CERCLA claim, Plaintiffs have similarly failed to allege a "release" on the Moving Defendants' part in connection with their HSAA claim.

Accordingly, the Motion is **GRANTED** *with leave to amend* as to Plaintiffs' HSAA claim.

### C. Implied Equitable Indemnity Claim

"The doctrine of equitable indemnification permits liability to be apportioned based on the relative culpability of wrongdoers."  *HCC Life Ins. Co. v. Managed Ben. Adm'rs LLC*, No. 2:07-cv-02542-MCE-DAD, 2008 WL 2439665, at *5 (E.D. Cal. June 12, 2008) (citing *Miller v. Ellis*, 103 Cal. App. 4th 373, 379, 126 Cal. Rptr. 2d 667 (2002)).  "Equitable indemnification 'is premised upon the principle that … *joint tortfeasors* should share in the burden of discharging the legal obligation to the injured party for the damages caused by their mutual negligence.'"  *Id.* (quoting *Miller*, 103

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-686-MWF (PJWx)	Date:  April 4, 2018
Title:    Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

Cal. App. 4th at 379-80) (emphasis in original).  "As a condition of equitable indemnity, there must be some basis for tort liability against the proposed indemnitor, usually involving breach of a duty owed to the plaintiff."  *Id.* (citing *Stonegate Homeowners Ass'n v. Staben*, 144 Cal. App. 4th 740, 751, 50 Cal. Rptr. 3d 709 (2006)).

In the Fourth Amended Complaint, Plaintiffs allege that "Defendants … have breached [their] duties of care and diligence by causing, allowing or permitting the discharge or release of hazardous substances at, on and under the Property or … neighboring properties."  (FAC ¶ 52).  Similarly, in their Opposition Plaintiffs argue that they are seeking indemnification for "remediation activities [that] arose out of Defendants' negligent property management and failure to prevent contaminant discharges, which substantially contributed to the need for remediation."  (Opp. at 16).  As discussed above in connection with Plaintiffs' CERCLA claim, Plaintiffs have not plausibly alleged that the Moving Defendants allowed "contaminant discharges" on or from the Luppen Property.  And the Fourth Amended Complaint is devoid of any other allegations suggesting that the Moving Defendants were negligent in any other respect.

Accordingly, the Motion is **GRANTED** *with leave to amend* as to Plaintiffs' equitable indemnity claim.

### D. Continuing Private Nuisance Claim

The crux of Plaintiffs' private nuisance claim is that "[a]s a result of the unreasonable, negligent and injurious methods of operating their businesses and maintaining the Property or Neighboring Properties, the acts or omissions of Defendants … directly and proximately caused releases of hazardous substances into the environment, including on, at and under the Property or Neighboring Properties which have impacted the Property."  (FAC ¶ 60).  As discussed above, Plaintiffs have not plausibly alleged that the Moving Defendants have "caused releases of hazardous substances into the environment" on or from the Luppen Property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-686-MWF (PJWx)			Date:  April 4, 2018
Title:	Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

Accordingly, the Motion is **GRANTED** *with leave to amend* as to Plaintiffs' private nuisance claim.

### E. Continuing Trespass Claim

The crux of Plaintiffs' trespass claim is that "Defendants' actions and/or omissions have caused the releases of hazardous substances into the soil and subsurface at, on and under the Property or Neighboring Properties," and that, as a result, Plaintiff's "Property has been contaminated by said releases of hazardous substances."  (FAC ¶ 68).  As discussed above, Plaintiffs have not plausibly alleged that the Moving Defendants have, through action or inaction, "caused the releases of hazardous substances" on or from the Luppen Property or on Plaintiff's Property.

Accordingly, the Motion is **GRANTED** *with leave to amend* as to Plaintiffs' trespass claim.

### F. Negligence Claim

The crux of Plaintiffs' negligence claim is that "Defendants … owed a duty to Plaintiffs to exercise due care in handling, storing and using hazardous substances and hazardous wastes at the Property or Neighboring Properties," but that Defendants breached that duty because they "released, failed to prevent, or allowed the release of hazardous substances into the soil and subsurface at, on and under the Property or Neighboring Properties."  (*Id.* ¶¶ 78, 80).  As discussed above, Plaintiffs have not plausibly alleged that the Moving Defendants "released, failed to prevent, or allowed the release of hazardous substances" on or from the Luppen Property or on Plaintiffs' Property.

Accordingly, the Motion is **GRANTED** *with leave to amend* as to Plaintiffs' negligence claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-686-MWF (PJWx)  Date:  April 4, 2018
Title:     Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

### G. Declaratory Relief Claim

In light of the fact that Plaintiffs have not yet stated any viable substantive claims against the Moving Defendants, they are not entitled to declaratory relief with respect to the Moving Defendants.  *See, e.g., Chubb I*, 2010 WL 689940, at *10 ("Ford Motor argues correctly that unless and until a substantive claim against it is alleged sufficiently, Chubb cannot pursue a claim for declaratory relief.").

Accordingly, the Motion is **GRANTED** *with leave to amend* as to Plaintiffs' declaratory relief claim.

## IV. CONCLUSION

For the foregoing reasons, the Motion is **GRANTED** in its entirety *with leave to amend*.

Plaintiffs shall file a Fifth Amended Complaint by **April 23, 2018**.  Failure to do so will result in the dismissal of this action with prejudice as to the Moving Defendants.

IT IS SO ORDERED.