VICTOR M. SHER (SBN 96197)
vic@sheredling.com
MATTHEW K. EDLING (SBN 250940)
matt@sheredling.com
MARTIN QUIÑONES (SBN 293318)
marty@sheredling.com
**SHER EDLING LLP**
100 Montgomery St., Suite 1410
San Francisco, CA 94104
Tel: (628) 231-2500
Fax: (628) 231-2929

*Attorneys for Plaintiffs ALISU INVESTMENTS, LTD, and KARGO GROUP GP, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALISU INVESTMENTS, LTD. and KARGO GROUP GP, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TRIMAS CORPORATION d/b/a/ NI INDUSTRIES, INC.; BRADFORD WHITE CORPORATION; LUPPE RIDGWAY LUPPEN; PAULA BUSCH LUPPEN; METAL PRODUCTS ENGINEERING; DEUTSCH/SDL, LTD.; RHEEM MANUFACTURING COMPANY; INFINITY HOLDINGS, LLC; and STANSTEEL CORPORATION,<br><br>Defendants.<br><br>AND ALL COUNTERCLAIMS | Case No. 2:16-CV-00686 MWF (PJWx)<br><br>Honorable Michael W. Fitzgerald<br><br>**STIPULATION TO MODIFY ORDER RE JURY TRIAL** |

1  Pursuant to Central District Civil Local Rule 7-1, Plaintiffs Alisu Investments, Ltd. and Kargo Group GP, LLC (collectively "Plaintiffs"), on the one hand, and Defendants TriMas Corp. d/b/a NI Industries, Inc.; Bradford White Corp.; Luppe Ridgway Luppen; Paula Busch Luppen; Metal Products Engineering; Deutsch/SDL Ltd.; Rheem Manufacturing Co.; and Infinity Holdings, LLC ("Defendants"), on the other hand (collectively the "Parties"), by and through their respective counsel, HEREBY STIPULATE AND AGREE as follows:

WHEREAS, the above-captioned action was filed on or around February 1, 2016;

WHEREAS, on March 6, 2017, this Court issued an Order re Jury Trial, Doc. 68, setting various deadlines related to discovery and trial;

WHEREAS, on January 3, 2018, the Parties' filed a Stipulation to Modify Order re Jury Trial, Doc. 131 ("Jan. 2018 Stipulation"), which continued the then-remaining trial and pretrial dates in the Order re Jury Trial by approximately 12 months, and which the Court granted on January 4, 2018, Doc. 132;

WHEREAS, Plaintiffs represent that pursuant to the Jan. 2018 Stipulation, they have diligently conducted environmental investigation at the property that is the subject of this litigation, located at 4901 Boyle Ave., Vernon CA, 90058 ("the Property"), throughout the year 2018, including investigatory work completed pursuant to a voluntary cleanup agreement between Plaintiffs and California Department of Toxic Substances Control ("DTSC");

WHEREAS, in particular, on February 26, 2018, DTSC provided comments on the Groundwater Monitoring Wells-Nested Soil Vapor Probes Installation Report submitted to DTSC by Plaintiffs' environmental consultant on November 28, 2017, which recommended further development of groundwater monitoring wells and further testing of both groundwater and soil samples at the Property; Plaintiffs' environmental consultant submitted a First Semi-Annual Groundwater Monitoring Report to DTSC on March 26, 2018; Plaintiffs' submitted multiple documents

between February and November 2018 concerning the characterization, analysis, and removal of potentially contaminated waste and soil windrows generated in the course of Plaintiffs' investigative efforts at the Property; Plaintiffs' environmental consultant submitted a comprehensive Supplemental Site Assessment II to DTSC dated October 18, 2018, and a Supplemental Site Assessment III Work Plan dated October 19, 2018, on which Plaintiffs are awaiting comment and approval from DTSC; and Plaintiffs entered into an Amended Voluntary Cleanup Agreement with DTSC, effective November 29, 2018, which detailed and expanded the scope of work to be conducted under the Voluntary Cleanup Agreement;

WHEREAS, Plaintiffs represent that in conjunction with the investigative efforts described above, they are simultaneously investigating chlorinated solvent contamination in deep soil gas and groundwater at locations immediately northeast and east of the Property that Plaintiffs understand and believe to be upgradient, specifically underneath South Boyle Avenue, which investigation is proceeding expeditiously and which Plaintiffs believe will shed substantial light on off-site contributions to groundwater and deep soil gas contamination at the Property from upgradient sources, and which will in turn substantially inform the Plaintiffs' assessment of their damages and apportionment of alleged responsibility among and between the Defendants;

WHEREAS, several of the Parties, in particular Plaintiffs and Defendants Bradford White Corp. and TriMas Corp., have begun discussing, and wish to further pursue, formal settlement negotiations, and believe that the discovery and regulatory record developed to date provides the Parties a basis to negotiate such a settlement;

WHEREAS, to minimize discovery costs to all Parties, provide time for Plaintiffs to advance their regulatory investigation under the DTSC, and provide time for the Parties to pursue potential settlement and resolution, the Parties agree that fact discovery should be stayed for 120 days from the date of entry of this

Stipulation and accompanying Proposed Order, after which time discovery would proceed according to the modified deadlines listed below;

WHEREAS, the parties may, by agreement between the propounding and responding parties, and notwithstanding the stay of fact discovery, complete discovery already propounded at the time of this stipulation, and may meet and confer regarding any anticipated motions to compel further responses that may be filed after the stay is lifted;

WHEREAS, notwithstanding the stay provided for in the previous paragraph, Plaintiffs agree to produce within 15 days of sending or receiving any and all documentation concerning the ongoing investigation and/or remediation of the Property and offsite areas, including, but not limited to, all reports, complaints, comments, work plans, permits, invoices, purchase orders, waste manifests, timesheets, bills of lading, receipts, Material Safety Data Sheets, inspection reports, raw data, field logs, data validation documents or reports, communications (including correspondence, reporting, comments, requests, and emails to or from the DTSC), memoranda, notes, emails, test results, sampling results, quality control information, lab reports, and surveys;

WHEREAS, Plaintiffs agree to notify Defendants at least 15 days prior to any work connected to the ongoing investigation and/or remediation at the Property and offsite areas; WHEREAS, certain counsel has other previously scheduled trial obligations that would preclude trial in this matter going forward in December 2019;

WHEREAS, the Parties agree that modifications to the Order re Jury Trial are necessary and proper in light of all the foregoing;

NOW THEREFORE, Plaintiffs and Defendants hereby stipulate, subject to the Court's approval and Order, that remaining deadlines listed in Part I of the Court's Order re Jury Trial be modified as follows:

| | |
|---|---|
| Non-Expert Discovery Cut-off | June 4, 2019 |
| Expert Disclosure (Initial) | June 11, 2019 |
| Expert Disclosure (Rebuttal) | July 9, 2019 |
| Expert Discovery Cut-off | July 23, 2019 |
| Last Day to Hear Motions | October 22, 2019 |
| Last Day to Conduct ADR Proceeding | November 5, 2019 |
| File Memorandum of Contentions of Facts and Law, Exhibit and Witness Lists, Status Report regarding settlement, and all Motions in Limine | December 17, 2019 |
| Lodge Pretrial Conference Order, file agreed set of Jury Instructions and Verdict Forms, file statement regarding Disputed Instructions and Verdict Forms, and file oppositions | December 31, 2019 |
| Final Pretrial Conference and Hearing on Motions in Limine | January 14, 2020 at 11:00 a.m. |
| Trial Date (Est. 7–10 days) | February 4, 2020 at 8:30 a.m. |

IT IS SO STIPULATED.

Dated: December 24, 2018        **SHER EDLING LLP**

By: */s/ Martin D. Quiñones*
Matthew K. Edling
Martin D. Quiñones

*Attorneys for Plaintiffs ALISU INVESTMENTS, LTD, and KARGO GROUP GP, LLC*

| | | |
|---|---|---|
| Dated: December 24, 2018 | | **NORTON ROSE FULBRIGHT US LLP** |
| | By: | */s/ H. Joseph Drapalski III* |
| | | Elizabeth M. Weaver |
| | | H. Joseph Drapalski III |
| | | *Attorneys for Defendant TriMas Corporation* |
| Dated: December 24, 2018 | | **ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP** |
| | By: | */s/ Tim C. Hsu* |
| | | Tim C. Hsu |
| | | Marcella Lyons |
| | | *Attorneys for Defendants Bradford White Corporation* |
| Dated: December 24, 2018 | | **CROCKETT & ASSOCIATES** |
| | By: | */s/ Lisa Dearden Trépanier* |
| | | Robert D. Crockett |
| | | Lisa Dearden Trépanier |
| | | *Attorney for Defendants Luppe Ridgway Luppen, Paula Busch Luppen, and Metal Products Engineering* |
| Dated: December 24, 2018 | | **A\|D\|Y Law Group, P.C.** |
| | By: | */s/ A. David Youssefyeh* |
| | | A. David Youssefyeh |
| | | *Attorney for Defendant Infinity Holdings, LLC* |

| | |
|---|---|
| Dated: December 24, 2018 | **STILESPOMEROY LLP** |
| | By: */s/ Charles H. Pomeroy* |
| | Charles H. Pomeroy |
| | Michael J. Stiles |
| | |
| | *Attorney for Defendant Deutsch/SDL, LTD* |
| Dated: December 24, 2018 | **TROUTMAN SANDERS LLP** |
| | By: */s/ Douglas Henderson* |
| | Douglas Henderson |
| | Kevin Gilliland |
| | |
| | *Attorney for Defendant Rheem Manufacturing Company* |

### ECF CERTIFICATION

I, Martin D. Quiñones, in compliance with Civil Local Rule 5-4.3.4(a)(2)(i), hereby attest that the above-named counsel have concurred in this filing.