CROCKETT & ASSOCIATES
  Robert D. Crockett (Bar No. 105628)
    *bob@bobcrockettlaw.com*
  Lisa Dearden Trépanier (Bar No. 156302)
    *lisatrepanier@bobcrockettlaw.com*
23929 Valencia Boulevard, No. 303
Valencia, CA  91355
Telephone:  (323) 487-1101
Facsimile:  (323) 843-9711

Attorneys for Defendants &
Counterclaimants Metal Products
Engineering, Luppe Ridgway Luppen, and
Paula Busch Luppen

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALISU INVESTMENTS, LTD. and KARGO GROUP GP, LLC,<br><br>Plaintiffs,<br>v.<br><br>TRIMAS CORPORATION d/b/a NI INDUSTRIES, INC., BRADFORD WHITE CORPORATION, LUPPE RIDGWAY LUPPEN, PAULA BUSCH LUPPEN, METAL PRODUCTS ENGINEERING, DEUTSCH/SDL, LTD., RHEEM MANUFACTURING COMPANY, and INFINITY HOLDINGS, LLC,<br><br>Defendants.<br><br>AND ALL COUNTERCLAIMS | CASE NO.: 2:16-cv-00686 MWF (PJWx)<br><br>**METAL PRODUCTS ENGINEERING, LUPPE LUPPEN, AND PAULA LUPPEN'S NOTICE OF MOTION & MOTION FOR SANCTIONS**<br><br>Date:  April 29, 2019<br>Time:  10:00 a.m.<br>Judge:  Honorable Michael W. Fitzgerald<br><br>Jury Trial:  August 13, 2019 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on April 29, 2019, at 10:00 a.m. at 350 W.

1st Street, in Courtroom 5A, of the United States District Court for the Central District of California, before the Honorable Michael W. Fitzgerald, Defendants and Counterclaimants Metal Products Engineering, Luppe Luppen, and Paula Luppen will move and hereby move for sanctions against Plaintiffs and Counterdefendants Alisu Investments, Ltd. and Kargo Group GP, LLC pursuant to Federal Rule of Civil Procedure 16 and Local Rule 83-7 for violating this Court's Order (Dkt. No. 238) and Local Rule 16-15.5(b) by failing to have a party representative at the Court-ordered mediation held on March 1, 2019.

This motion is based on this Notice of Motion and Motion, the accompanying memorandum of points and authorities, the Declaration of Robert D. Crockett, and such other pleadings, evidence or argument as may be presented to the Court at or before the hearing on this Motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on March 5-7, 2019.

DATED: March 13, 2019                    CROCKETT & ASSOCIATES

By _____
Robert D. Crockett
Lisa Dearden Trépanier
Attorneys for Metal Products Engineering,
Luppe Ridgway Luppen, and Paula Busch Luppen

## MEMORANDUM OF POINTS AND AUTHORITIES

This motion seeks sanctions for Defendants' wasted time participating in a mediation which Plaintiffs failed to attend in violation of this Court's order (Dkt. No. 238), Federal Rule of Civil Procedure 16, and Local Rule 16-15.5(b).

On January 16, 2019, this Court ordered the parties to attend mediation to "attempt to settle this dispute about the windrows and dust." Dkt. 238 at 30. The parties scheduled a mediation for March 1, 2019 before the Honorable George King (Ret.).

Defendants' counsel, Defendants Luppe and Paula Luppen, and the Luppens' environmental consultant all attended the mediation in person as required by Local Rule 16-15.5(b) which provides: "Each party shall appear at the settlement proceeding in person or by a representative with final authority to settle the case . . ." The Luppens' expended significant time and resources preparing for and attending the mediation.

Plaintiffs, however, failed to appear at the mediation. Dkt. 240 [Joint Status Report re Mediation]. Plaintiffs' counsel did not inform Defendants that his clients were not in attendance until the conclusion of the mediation at 2:00 p.m. Declaration of Robert D. Crockett ¶ 4. Plaintiffs' counsel did not have "final authority to settle the case" because he stated that he "needed until the next Wednesday to consult with the client to respond to our terms, which had been pending for several hours." *Ibid.*

Courts in the Ninth Circuit have repeatedly upheld sanctions imposed for failing to appear *in person* at mediation. In *Lucas Auto Eng'g, Inc. v. Bridgestone/Firestone Inc.*, 275 F.3d 762, 769 (9th Cir. 2001), the Ninth Circuit affirmed a sanctions award for failure to attend mediation with the appropriate representative because the representative "did not notify the parties beforehand of his nonappearance." Here, Defendants did not find out until **the end of the mediation** that an Alisu representative was not present. Crockett Decl. ¶ 4.

1  "Appearing" by phone is insufficient. In *Green Tree Servicing, LLC v. Collegium Fund LLC-Series 31*, No. 2:15-cv-00700-GMN-GWF, 2016 U.S. Dist. LEXIS 106265, *5-6 (D. Nev. Aug. 10, 2016), the court ordered plaintiff to pay defendants' attorney's fees and costs for failing to have a representative with authority to settle present. The court held that having a representative available by phone was insufficient. *Id.* at *6. The court rejected Plaintiff's argument that the absence of the representative "had no impact on the outcome of the settlement conference because [the representative] would not have agreed to the settlement amount even if he" were present. *Id.* at *3. In *Drop Stop LLC v. Zhu*, No. CV 16-07916-AG (SSx), 2017 U.S. Dist. LEXIS 178108, *5 (C.D. Cal. Jun. 30, 2017), the court declined to find a violation of the Court order to mediate and award sanctions for non-appearance of a party representative at mediation, "**so long as [the party] engages in another mediation** . . . this time making sure that it is properly represented" (emphasis added). See also *Werner v. Resignation Media, LLC*, No. CV 14-6494-JFW (JCx), 2015 U.S. Dist. LEXIS 63618, *1 (C.D. Cal. May 14, 2015) (Central District of California Local Rule 16-15.5(b) requires each party to appear at private mediation in person; OSC re sanctions issued for failure of party representative to appear at mediation).[1]

The mediation was therefore a complete waste of the Luppens' time as Plaintiffs did not bother to show up and meaningfully participate in settlement negotiations. As the Court indicated at the January 14, 2019 hearing on Defendants' Motion for Preliminary Injunction, this is a "neighbor issue" involving

---

[1] Plaintiffs attempt to rely on *AmTrust Bank v. Didion*, No. EDCV 09-02307-JVS (ANx), 2011 WL 13223896 (C.D. Cal. Jan. 28, 2011). That case is distinguishable because the court declined to award sanctions for failure of one defendant to appear at mediation where (1) the other defendant was present at the mediation; (2) the attending defendant had power of attorney from the non-attending defendant to settle the case; and (3) the non-attending defendant offered a legitimate child care reason why she could not be present. Here, **no** Plaintiff representative attended the deposition, nor did any Plaintiff offer any reason why they were not present.

the dust constantly blowing from the stockpiles on Plaintiffs' property onto the Luppens' property. That was the point of the mediation – for neighbors to sit down together and work this out. That process can only be successful if *both* neighbors show up. Further, the principals of Alisu Investments, Aliza Karney Guren and Marc Guren, are members of the California state bar. As such, they should have been well aware their personal attendance was required at this mediation.

Defendants requested that Plaintiffs reimburse the Luppens for their attorney's fees and mediator fees; however, Plaintiffs refused. Crockett Decl. ¶¶ 5, 6, Exhs. 1, 2 [letters to/from Plaintiffs' counsel].

Defendants therefore request sanctions pursuant to Federal Rule of Civil Procedure 16(f) and Local Rule 83-7 in the amount of $10,950 which includes $5500 for attorney time preparing for and attending the mediation and $5450 for the Luppens' share of the fee paid to the mediator. Crockett Decl. ¶ 7. Defendants also request that the Court order Plaintiffs to appear at a second mediation, paid for exclusively by Plaintiffs, at which Plaintiffs' representative will appear in person.

DATED:  March 13, 2019         CROCKETT & ASSOCIATES

By _____
Robert D. Crockett
Lisa Dearden Trépanier
Attorneys for Metal Products Engineering, Luppe Ridgway Luppen, and Paula Busch Luppen

4825-9256-3850, v. 2