DOUGLAS A. HENDERSON (Pro Hac Vice)
dhenderson@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree St NE
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

BRIAN PRIESTLEY (SBN 301586)
bpriestley@kslaw.com
**KING & SPALDING LLP**
653 W. 5th Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4348

Attorneys for Defendant
RHEEM MANUFACTURING COMPANY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISU INVESTMENTS, LTD. and KARGO GROUP GP, LLC<br><br>Plaintiffs,<br><br>v.<br><br>TRIMAS CORPORATION d/b/a NI INDUSTRIES, INC., et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSS-ACTION. | Case No.: 2:16-CV-00686-GHK(PJWx)<br><br>Hon. Michael W. Fitzgerald<br><br>**DEFENDANT RHEEM MANUFACTURING COMPANY'S NOTICE OF MOTION AND MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION**<br><br>Fifth Amended Complaint Filed: April 23, 2018<br><br>Trial Date: None Set<br><br>Date:   April 19, 2021<br>Time:   10:00 a.m.<br>Dept:   Courtroom 5A |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, April 19, 2021 at 10:00 a.m., or as soon thereafter as this matter may be heard, before the Honorable Michael W. Fitzgerald, in Courtroom 5A of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California 90012, Defendant Rheem Manufacturing Company ("Rheem"), with the consent and support of Plaintiffs and Counter-Defendants Alisu Investments, Ltd. and Kargo Group GP, LLC (collectively, "Plaintiffs"), will move the Court under California Code of Civil Procedure section 877.6(a)(2) and federal common law for a determination that the settlement described herein was made in good faith and for an Order dismissing with prejudice any pending claims against Rheem and barring any future claims by the co-Defendants, or any of them, and any other joint tortfeasor for equitable indemnity, contribution, comparative indemnity, or any cause of action based on comparative negligence or comparative fault, or based on being an alleged joint or co-obligor under contract or otherwise.

The settlement may affect the following co-defendants and joint tortfeasors: Trimas Corporation d/b/a NI Industries, Inc., Bradford White Corporation, Luppe Ridgway Luppen, Paula Busch Luppen, Metal Products Engineering, Deutsch/SDL, Ltd., and Infinity Holdings, LLC. Rheem is not aware of any non-parties that may be affected.

This Motion is made on the ground that the settlement between Rheem and Plaintiffs was entered in good faith within the meaning of Code of Civil Procedure section 877.6 and federal common law.

This Motion is based upon this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Douglas A. Henderson (counsel for Rheem), the Declaration of Adam M. Shapiro (counsel for the Plaintiffs) in support, the filings and record in this case, arguments of counsel, and such other evidence as may be allowed at the hearing on this motion.

DEFENDANT RHEEM MANUFACTURING COMPANY'S MOTION FOR GOOD FAITH
SETTLEMENT DETERMINATION – USDC CASE NO. 2:16-CV-00686-GHK(PJWx)

Dated: March 18, 2021

DOUGLAS A HENDERSON
BRIAN PRIESTLEY
**KING & SPALDING LLP**

By  */s/ Douglas A. Henderson*
    DOUGLAS A. HENDERSON
    Attorney for Rheem Manufacturing
    Company

DEFENDANT RHEEM MANUFACTURING COMPANY'S MOTION FOR GOOD FAITH
SETTLEMENT DETERMINATION – USDC CASE NO. 2:16-CV-00686-GHK(PJWx)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In their original complaint in this case filed on February 1, 2016, Alisu Investments, Ltd. and Kargo Group GP, LLC (collectively, "Plaintiffs") alleged their property located at 4901 S. Boyle Avenue, Vernon, California ("Plaintiffs' Property" or the "Property") was contaminated by operations, activities, and practices of certain prior owners and operators of their Property (Dkt. 1). (Henderson Decl., ¶ 2.) In their Fifth Amended Complaint filed on April 23, 2018, Plaintiffs alleged their Property was contaminated by operations, activities and practices at adjacent and nearby properties located at 3050 Leonis Boulevard, Vernon, California, and 4900 S. Boyle Avenue, Vernon, California (the "Off-Site Properties"). (Dkt. 159; Henderson Decl., ¶ 3.) In their Fifth Amended Complaint, Plaintiffs specifically alleged that Rheem Manufacturing Company ("Rheem"), through the operations, activities and procedures of two of its former subsidiaries, U.S. Spring and Bumper Company and Orendorff Manufacturing Company, contributed to soil, soil vapor and groundwater contamination at the Plaintiffs' Property. (Dkt. 159, ¶¶ 8, 45-46.)

Now after five years of extensive discovery and more than five years of soil, soil vapor, and groundwater investigation at and around Plaintiffs' Property, nothing in the documents identified through discovery and nothing in the depositions completed to date has established that Rheem, through the operations of its former subsidiaries U.S. Spring and Bumper Company and Orendorff Manufacturing Company, has contributed to or caused the contamination identified at Plaintiffs Property. (Henderson Decl., ¶¶ 9-10.) At the same time, Rheem has identified no information on the operations, activities or procedures at U.S. Spring and Bumper Company or at Orendorff Manufacturing Company which indicates these companies contributed to or caused the contamination at Plaintiffs' Property.

At this stage of the case, the parties filed a stipulation to stay this litigation to permit settlement discussions (Dkt. 284; Henderson Decl., ¶ 6.) Recognizing the

economic realities of litigation, including the cost of continuing to litigate this case through trial, and contingent upon court approval of this good faith settlement motion, Rheem, with the support and consent of the Plaintiffs, hereby seeks an Order by the Court (1) determining that the settlement described herein was made in good faith under Code of Civil Procedure section 877.6(a)(2) and federal common law, (2) dismissing with prejudice any pending claims against Rheem, and (3) barring any future claims by the co-Defendants, or any of them, or any other joint tortfeasor for equitable indemnity, contribution, comparative indemnity, or any cause of action based on comparative negligence or comparative fault, or based on being an alleged joint or co-obligor under contract or otherwise.

## II.   RELEVANT FACTUAL BACKGROUND

Since at least 2015, Plaintiffs have been investigating soil, soil vapor and groundwater contamination at Plaintiffs' Property. (Henderson Decl., ¶ 4.) From those investigations, Plaintiffs identified historical solvents in soil and groundwater that were used by many industries as "degreasers," anti-freeze or other purposes, including tetrachloroethylene ("PCE"), trichloroethylene ("TCE"), trichloro-fluoromethane ("Freon 11"), benzene, and chloroform. (Henderson Decl., ¶ 5.)

In their Fifth Amended Complaint (Dkt. 159), Plaintiffs alleged that Rheem's former subsidiaries U.S. Spring and Bumper Company and Orendorff Manufacturing Company, used degreasers, solvents and other substances which ultimately contributed to contamination at Plaintiffs' Properties. (Henderson Decl., ¶ 3.) As of this date in the case, while extensive discovery, including a 30(b)(6) deposition of 15-year Rheem employee, shows that U.S. Spring and Bumper Company and Orendorff Manufacturing Company operated for a limited period at the Off-Site Properties, nothing in the available documents produced during discovery or in the depositions completed to date, indicate these former Rheem subsidiaries contributed to contamination at Plaintiffs' Property. (Henderson Decl., ¶¶ 10-12.) As for internal records, after an extensive search of its internal records, Rheem has not identified any documents or other materials

which evidence that its former subsidiaries U.S. Spring and Bumper Company and Orendorff Manufacturing Company contributed to the contamination at the Plaintiffs' Property.  (Henderson Decl., ¶¶ 10, 13.)

### III.   SETTLING PARTIES

The parties to the settlement agreement ("Settlement Agreement" or the "Agreement") are Plaintiffs and Counter-Defendants Alisu Investments, Ltd. and Kargo Group GP, LLC and Defendant Rheem (Henderson Decl., ¶ 7.)

### IV.   BASIS OF SETTLEMENT

Neither of the Settling Parties admits liability to the other.  After five years of environmental investigation and after five years of extensive discovery, including the deposition of a 30(b)(6) 15-year Rheem employee, and extensive environmental data, reports, and comments made by DTSC, among other things, Rheem maintains that its former subsidiaries operation at the Off-Site Properties did not contribute to contamination at Plaintiffs' Property.  (Henderson Decl., ¶¶ 10-12.)  Based on Rheem's review of available documents and available testimony in the case to date, nothing in the existing discovery materials or public records shows that Plaintiffs' claims against Rheem have merit.

Despite its potentially limited liability exposure for the historical operations of its subsidiaries U.S. Spring and Bumper Company and Orendorff Manufacturing Company, if any, Rheem has agreed to settle all claims against it for a significant sum, a decision based on non-trivial cost of continuing to litigate this case through trial, and contingent upon court approval of this good faith settlement motion.  (Henderson Decl., ¶¶ 14-15.)

### V.   TERMS OF SETTLEMENT

The Settlement Agreement is the result of arms-length negotiations over approximately nine months between counsel for Plaintiffs and counsel for Rheem and involves no collusion of any sort among any parties.

The Settlement Agreement's essential terms are as follows:

A.   The settlement amount paid to Plaintiffs is a low five-figure sum.

B.   Rheem and Plaintiffs entered into this Settlement Agreement in good faith to resolve the lawsuit and avoid further protracted litigation and costs. The Settlement Agreement is not an admission of liability or fault by either party and none of the allegations in the Complaint, as amended.

C.   Plaintiffs will dismiss their lawsuit as against Rheem with prejudice.

D.   Plaintiffs and Rheem will bear their respective costs that arose during the course of this litigation.

E.   The settlement is contingent on the Court's approval of this Motion for Good Faith Settlement Determination.

F.   The Settlement Agreement does not impose an indemnification obligation on Rheem or Plaintiffs.

G.   Plaintiffs and Rheem have agreed to a mutual release concerning any and all contamination on Plaintiffs' Property.

(Henderson Decl., ¶ 15.)

## VI.   PLEADINGS AFFECTED BY SETTLEMENT

The pleadings and claims being resolved by this settlement are Plaintiffs' Complaint filed on April 23, 2018.  (Dkt. 159; Henderson Decl., ¶ 16.)

## VII.   THE SETTLEMENT IS FAIR, REASONABLE, ADEQUATE, AND MADE IN GOOD FAITH

Rheem, with the consent and support of Plaintiffs, respectfully submits the Court should approve the Settlement Agreement, both under California and federal common law, as it is fair, reasonable, adequate, and made in good faith.  (Henderson Decl., ¶¶ 15, 17, 20; Shapiro Decl., ¶¶ 2–3).

According to public records, documents produced during discovery, deposition of a current Rheem 30(b)(6) representative, and the results of extensive environmental testing shows that neither Rheem nor its former subsidiaries contributed to the contamination on Plaintiffs' Property.  As such, the settlement amount is more than fair,

4

reasonable, and adequate to Plaintiffs and co-Defendants and has been made in good faith.  (Henderson Decl., ¶¶ 10-13; Shapiro Decl. ¶ 3).

## A.    THE SETTLEMENT IS MADE IN GOOD FAITH UNDER CCP § 877.6

Code of Civil Procedure sections 877 *et seq.*, provides that a settling party shall be entitled to determination of the issues of good faith of a settlement.  The California Supreme Court in *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.*, 38 Cal. 3d 488 (1985) ("*Tech-Bilt*") set forth guidelines for determining when a settlement is made in good faith.  When determining whether a settlement is made in good faith, courts bear in mind the policy objectives behind the enactment of section 877.6, which is to encourage settlements and allocate costs equitably among multiple tortfeasors.  *Tech-Bilt*, 38 Cal. 3d at 494.  The court should inquire whether the settlement is within the reasonable range or "within the ballpark" of the settling tortfeasor's share of liability for plaintiffs' injuries, taking into consideration the facts and circumstances of the particular case.  *Id.* at 499.  Settlements are presumed to be in good faith.  *Standard Pacific of San Diego v. A. A. Baxter Corp.*, 176 Cal. App. 3d 577, 581 (1986).  Moreover, because of the strong public policy in California favoring settlement, any party asserting a lack of good faith has the burden of proof to show that the settlement is so far "out of the ballpark" as to be inconsistent with the objectives of the statute and case law.  *Tech-Bilt*, 38 Cal. 3d at 500.

In *Tech-Bilt*, the California Supreme Court set forth the following factors that a court should consider in determining when a settlement is made in good faith:  (1) a rough approximation of plaintiff's probable total recoveries; (2) a rough approximation of the settling defendant's proportional liability; (3) the amount paid in settlement; (4) if there are multiple plaintiffs, the allocation of the settlement proceeds among those settling plaintiffs; (5) a recognition that less is paid in the settlement than would be awarded at trial if liability is established; (6) the financial condition of the settling defendant; (7) the insurance policy limits of the settling defendant; (8) the existence of

collusion, fraud, tortious misconduct intended to injure the interests of the non-settling defendants. Courts should weigh these factors based on its evaluation of the information available at the time of the settlement, and not afterwards. *Id.* at 499–500. The settlement between Rheem and Plaintiffs satisfies all of the *Tech-Bilt* factors. (Henderson Decl., ¶ 19.)

Here, as to the first three factors, it is proper for this Court to find a good faith settlement between Rheem and Plaintiffs. The issue of liability is vigorously disputed between the parties. (Henderson Decl., ¶ 21.) After four years of extensive discovery, including a deposition of Rheem's 30(b)(6) representative, and extensive environmental testing conducted by Plaintiffs, nothing in the available materials indicates that Rheem caused the contamination on Plaintiffs' Property. (Henderson Decl., ¶¶ 9, 17.) As a result, Rheem believes it has a very strong likelihood of prevailing at trial. (Henderson Decl., ¶ 24.) In addition, the settlement amount is less than the total demanded. (Henderson Decl., ¶ 22.) Despite Rheem's limited liability exposure, if any, it has agreed to settle all claims against it for a low five-figure sum, a decision based on the recognition of economic realities, including the cost of continuing to litigate this case through trial (Henderson Decl., ¶ 15.) Accordingly, the first, second, and third *Tech-Bilt* factors are satisfied.

There is no issue relative to the fourth factor regarding allocation of the settlement proceeds among the settling plaintiffs, as the settlement proceeds are directed to and shall be paid equally amongst the two plaintiffs. (Henderson Decl., ¶ 25.)

As to the fifth *Tech-Bilt* factor, the recognition that an amount paid in settlement is less than would be awarded at trial if liability was established does not appear to be a concern and has not been raised by any of the parties. (Henderson Decl., ¶¶ 26-27.) The amount paid in settlement here is less than the original amount demanded by Plaintiffs and surely less than would have been awarded at trial if liability were established. (Henderson Decl., ¶ 27.)

The sixth, seventh, and eighth *Tech-Bilt* factors are also satisfied. The settlement

6

is the result of arms-length negotiations, including back and forth negotiations between counsel, beginning approximately nine months ago, both as to terms and amount of settlement.  (Henderson Decl., ¶ 20; Shapiro Decl., ¶ 2.)  The settlement does not include any collusive terms and will not injure the interests of any non-settling parties. (Henderson Decl., ¶ 28.)  Finally, there is no assignment of indemnity rights with this settlement; therefore, there is no issue concerning the financial condition or insurance policy limits of Rheem or Plaintiffs.  (Henderson Decl., ¶ 29.)

Based upon the number of defendants in this case, as well as the theory of liability against defendants, this settlement is legitimate and made in good faith.  Accordingly, based on the facts set forth above and satisfaction of the *Tech-Bilt* factors, the settlement between Plaintiffs and Rheem should be determined to be in good faith.

**B.     THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE UNDER FEDERAL LAW**

Pursuant to federal common law, courts should approve a settlement unless it is "unfair, inadequate, or unreasonable."  *Lewis v. Russell*, 2012 WL 5471824 at \*2 (E.D. Cal. Nov. 9, 2012); *see also Stearns & Foster Bedding Co. v. Franklin Holding Corp.*, 947 F. Supp. 790, 813 (D.N.J. 1996) ("In deciding whether to approve a proposed settlement in a CERCLA case, a district court must weigh the "fairness, adequacy and reasonableness" of the proposed settlement.").

"The factors generally considered in determining whether a settlement is in 'good faith' under § 877 and § 877.6 are similar to the facts highlighted by courts in finding a CERCLA settlement to be fair, reasonable, and adequate."  *Coppola v. Smith*, 2016 WL 8730769 at \*3 (E.D. Cal. July 1, 2016); *Lewis*, 2012 WL at \*3 (finding settlement "particularly appropriate given the uncertain evidence as to whether PCE contamination occurred during [settling defendant] deliveries to the property and the control that it exerted over the property's operations, and thus it is uncertain if it would have ultimately been found liable for clean-up costs associated with the Property.").

DEFENDANT RHEEM MANUFACTURING COMPANY'S MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION – USDC CASE NO. 2:16-CV-00686-GHK(PJWx)

**VIII.** **GOOD FAITH SETTLEMENT BARS ANY CLAIM FOR EQUITABLE CONTRIBUTION OR INDEMNITY BY ANY OTHER JOINT TORTFEASOR**

A finding of good faith settlement bars any claim by another tortfeasor for equitable and comparative contribution, or partial or comparative indemnity based upon comparative negligence or comparative fault principles. Code of Civ. Pro. § 877.6. Once this Court determines that Rheem's settlement with Plaintiffs is in good faith, Rheem is entitled to the protection afforded by the Code of Civil Procedure from any pending and future claims from another tortfeasor for indemnity and/or contribution.

**IX.** **CONCLUSION**

Rheem, with the consent and support of Plaintiffs, respectfully requests that the Court grant this Motion for Good Faith Settlement Determination, dismiss with prejudice any pending claims against Rheem, and bar any pending or future claims against Rheem by joint tortfeasors for equitable comparative contribution or for total, partial or comparative indemnity.

Dated:  March 18, 2021             DOUGLAS A HENDERSON (Pro Hac Vice)
                                   BRIAN PRIESTLEY
                                   **KING & SPALDING LLP**


                                   By  */s/ Douglas A. Henderson*
                                        DOUGLAS A. HENDERSON
                                        Attorney for Rheem Manufacturing
                                        Company