UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-686-MWF (PJWx)          **Date:** June 21, 2024
**Title:** Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING BRADFORD WHITE CORPORATION'S MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION [352]

Before the Court is Defendant Bradford White Corporation's ("BWC") Motion for Good Faith Settlement Determination (the "Motion"), filed on May 26, 2024. (Docket No. 352). No opposition was filed.

The Motion was noticed to be heard on June 3, 2024. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons set forth below, the Motion is **GRANTED**. The Court determines that the settlement between BWC and Plaintiffs and Counter-Defendants Alisu Investments, Ltd. and Kargo Group GP, LLC (collectively, "Plaintiffs") is fair, reasonable, adequate and made in good faith. Accordingly, the Settlement Agreement is approved.

## I. BACKGROUND

The factual and procedural background is set forth in detail in the Order Re: Metal Products Engineering, Luppe Ridgeway Luppen, and Paula Luppen's Motion for Good Faith Settlement Determination (the "August 6, 2020 Order"). (Docket No. 300).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 16-686-MWF (PJWx)**                     **Date:  June 21, 2024**
**Title:**      Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

The Court incorporates by reference the facts set out in the August 6, 2020 order as if fully set forth herein.

### A.    The Settlement

The parties to the settlement agreement ("Settlement Agreement") are Plaintiffs and Counter-Defendants Alisu Investments, Ltd. and Kargo Group GP, LLC and Defendant BWC.  (Declaration of Tim C. Hsu ("Hsu Decl.") ¶ 7 (Docket No. 352-1)).

The Settlement Agreement's essential terms are as follows:

a) BWC will pay Plaintiffs $7.4 million.

b) BWC and Plaintiffs entered into the Settlement Agreement in good faith to resolve the lawsuit and avoid further protracted litigation and costs.  The Settlement Agreement is not an admission of liability or fault by either party as to the allegations in the Complaint, as amended.

c) Plaintiffs and BWC will dismiss their respective claims and counterclaims in the lawsuit, with prejudice following Court approval of this Motion.

d) Plaintiffs and BWC will bear their respective costs that arose during the course of this litigation.

e) The settlement is contingent on the Court's approval of this Motion for Good Faith Settlement Determination.

f) The Settlement Agreement does not impose an indemnification obligation on BWC or Plaintiffs.

g) Plaintiffs and BWC have agreed to a mutual release concerning contamination on Plaintiff's property located at 4901 S. Boyle Avenue, Vernon, California ("Property").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 16-686-MWF (PJWx)                                **Date:**  June 21, 2024
**Title:**      Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

(Hsu Decl. ¶ 11.).

## II.  LEGAL STANDARD

"The initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." *S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984) (internal quotation marks and citation omitted).  One of CERCLA's "core purposes" is "foster[ing] settlement through its system of incentives and without unnecessarily further complicating already complicated litigation." *AmeriPride Servs. Inc. v. Texas E. Overseas Inc.*, 782 F.3d 474, 486 (9th Cir. 2015) (internal quotation marks and citation omitted).  "Therefore, courts review settlements and generally enter contribution and indemnity bar orders in CERCLA cases if the settlement is fair, reasonable, and adequate." *Coppola v. Smith*, No. 1:11-CV-1257 AWI BAM, 2016 WL 8730769, at *2 (E.D. Cal. July 1, 2016).

"Under federal law, particularly in CERCLA cases such as this, district courts have approved settlements and entered bar orders." *AmeriPride Services Inc. v. Valley Indus.*, 2007 WL 1946635, at *2 (E.D. Cal. July 2, 2007) (citation omitted); *see also* Cal. Civ. Proc. Code § 877.6(c) ("A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.").  "Within the Ninth Circuit, a court's authority to review and approve settlements and to enter bar orders has been expressly recognized." *Id.* (citing *Franklin v. Kaypro Corp.*, 884 F.2d 1222 (9th Cir. 1989) (approving settlement of claims and entering bar orders in the context of federal securities laws)); *see also Federal Savings and Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990).  "The [c]ourt unequivocally has the authority to review settlements and enter bar orders that discharge all federal and state law claims of contribution by non-settling defendants." *Heim v. Heim*, No. 5:10-CV-03816-EJD, 2014 WL 1340063, at *4 (N.D. Cal. Apr. 2, 2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-686-MWF (PJWx)                                        Date:  June 21, 2024
Title:      Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

## III.     DISCUSSION

BWC, with the consent and support of Plaintiffs, submits that the Court should approve the Settlement Agreement, both under California and Federal common law, on the basis that it is fair, reasonable, adequate, and made in good faith.  (Hsu Decl. ¶ 13; Declaration of Matthew K. Edling ("Edling Decl.") ¶¶ 2–3; Motion at 7.)

CERCLA does not specifically address how settlements in private party cost recovery actions should be apportioned or assessed for equity, and the Ninth Circuit has not issued a decision directly addressing the issue.  *See* 42 U.S.C. § 9613(f)(1) (providing no explicit guidance on the method of apportioning liability between private potentially responsible parties); *Adobe Lumber v. Hellman*, 2009 WL 256553, at *3 (E.D. Cal. February 3, 2009) ("In the twenty-eight years that CERCLA has been [in] existence, the Ninth Circuit has never addressed the question of the proper credit method for settlements between private PRPs under CERCLA.")*; but see In re Exxon Valdez*, 229 F.3d 790, 796 (9th Cir. 2000) (asserting in the context of a non-CERCLA case that "[t]he proportionate share approach is the law in the Ninth Circuit").  However, the legislative history of CERCLA imposes on the judiciary an obligation to apportion responsibility fairly and equitably.  *United States v. Western Processing Co.*, 756 F. Supp. 1424, 1432 (W.D. Wash. 1990).

"The methodology used by federal courts in California to assess partial settlements and contribution bars is not always uniform." *Coppola*, 2016 WL 8730769, at *3.  However, "a number of courts consult § 877 and § 877.6, and either § 6 of the Uniform Comparative Fault Act ("UCFA") or § 4 of the Uniform Contribution Among Tortfeasors Act ("UCATA") in analyzing settlement agreements in CERCLA cases." *Id.* (citing cases); *see also Heim*, 2014 WL 1340063, at *3 (N.D. Cal. Apr. 2, 2014) ("Courts within the Ninth Circuit have borrowed from the California Code of Civil Procedure § 877.6 when analyzing whether a settlement has been reached in good faith and, in turn, whether a contribution bar should attach for federal causes of actions.") (citing cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-686-MWF (PJWx)            **Date:** **June 21, 2024**
**Title:**     Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

"The factors generally considered in determining whether a settlement is in 'good faith' under § 877 and § 877.6 are similar to the facts highlighted by courts in finding a CERCLA settlement to be fair, reasonable, and adequate." *Coppola*, 2016 WL 8730769, at *3. "Both sets of factors/considerations take into account the amount of the settlement, the settlor's proportionate share of liability, claims and defenses, financial conditions, and the recognition that there is a benefit to settling by saving resources and litigation expenses." *Id.* "Given the similarities, it is difficult to envision a settlement that is in 'good faith' but not fair, reasonable, and adequate, or vice versa." *Id.*

Therefore, the Court will examine and make findings regarding "good faith" under sections 877 and 877.6 as part its determination of whether the settlement of the CERCLA claims is fair, adequate, and reasonable. *See id.*; *Heim*, 2014 WL 1340063, at *5 (citing cases that have applied UCFA in reviewing settlements).

In order to determine if a settlement is within a "reasonable range" and thus, in "good faith" under §§ 877 and 877.6 of the UCFA, California courts review the following nonexclusive factors from *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal. 3d 488, 499, 213 Cal. Rptr. 256 (1985): (1) a rough approximation of the plaintiffs' total recovery and the settlor's proportionate liability; (2) the amount to be paid in settlement; (3) if there are multiple plaintiffs, the allocation of settlement proceeds among the plaintiffs; (4) a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial; (5) the financial conditions and insurance policy limits of the settling defendants; and (6) the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants. *See Mason and Dixon Intermodal, Inc. v. Lapmaster Int'l, LLC*, 632 F.3d 1056, 1064 (9th Cir. 2011); *Bay Development, Ltd. v. Superior Ct.*, 50 Cal. 3d 1012, 1027-28, 269 Cal. Rptr. 720 (1990).

***First Three Factors.*** The first three factors examine the settlor's proportionate liability, the amount to be paid in settlement, and the allocation of the settlement proceeds.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 16-686-MWF (PJWx)                    **Date:**  June 21, 2024
**Title:**        Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

BWC maintains, with no opposition, that there is no evidence establishing that it spilled, released, or discharged chemicals which may have contributed to the contamination at the Property or the off-site properties. (Hsu Decl., ¶¶ 8–11.)

Having reviewed the relevant evidence, the Court determines that BWC has sufficiently demonstrated that it likely lacks any liability to Plaintiffs. Despite BWC's limited liability exposure, if any, it has agreed to settle all claims against it for 7.4 million. (*Id.* at ¶ 13.) Plaintiffs estimated that the cost of remediation is approximately $7 million, and Plaintiffs claim approximately $6 million in additional damages for items such as lost rents. (*Id.* at ¶ 11.) Following their analysis of these claimed amounts, BWC's experts concluded that the associated costs estimated by Plaintiffs to implement the presumptive remedies are highly inflated and inconsistent with actual costs for projects of this nature, especially because it does not apply a present-value factor. (*Id.*) The payment contemplated by this settlement is sufficient not only to cover all expected costs of remediation for the Property, but also compensates Plaintiffs for some of their other alleged damages, including lost rents. (*Id.*) Despite BWC's limited liability exposure, if any, it has agreed to settle all claims against it for a significant seven-figure sum, a decision based on the recognition of economic realities, including the risk and cost of continuing to litigate this case through trial. (*Id.*)

"While a good faith settlement 'does not call for a perfect apportionment of liability [,]' it does require 'a rough approximation between a settling tortfeasor's offer of settlement and [its] proportionate liability.'" *Frary v. Cty. of Marin*, No. 12-CV-03928-MEJ, 2015 WL 1284280, at *1 (N.D. Cal. Mar. 19, 2015) (internal citation omitted).

Although BWC and Plaintiffs have not technically presented evidence approximating Plaintiffs' total probable recoveries, this issue is not a barrier to settlement here because BWC's settlement far exceeds its proportionate liability. For these purposes, it is sufficient that BWC has supported its position that its settlement represents, in essence, payment for more than its share of liability and the cost of continuing to litigate this action. Accordingly, based on the acknowledgment of the parties and the evidence submitted by BWC, the Court agrees that the settlement is in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 16-686-MWF (PJWx)                    Date:  June 21, 2024
Title:      Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

line with a rough approximation of Plaintiffs' recovery and BWC's potential liability, if any.

*Fourth Factor*.  There is no issue relative to the fourth factor regarding allocation of the settlement proceeds among the settling plaintiffs, as the settlement proceeds are directed to and shall be paid equally amongst the two plaintiffs.  (Hsu Decl., ¶ 23.)  Therefore, this factor favors approval of the settlement, or at least does not militate against settlement.

*Fifth Factor*.  The fifth factor examines the financial conditions and insurance policy limits of the settling defendants.  The Court agrees that the settlement amount is reasonable because BWC is settling for a seven-figure sum sufficient to resolve this dispute.  Furthermore, there is no assignment of indemnity rights with this settlement and therefore no issue concerning the insurance policy limits of BWC or Plaintiffs.  (*Id.* ¶ 24).

*Sixth, Seventh, and Eighth Factors*.  The sixth, seventh, and eighth *Tech-Bilt* factors are also satisfied.  The settlement is the result of arms-length negotiations, including through multiple mediation sessions and informal negotiations between counsel, beginning approximately seven months ago, both as to terms and amount of settlement.  The Court agrees with BWC that there is no evidence of collusion, fraud, or tortious conduct.  (Hsu Decl. ¶ 16; Edling Decl. ¶ 2.)  The settlement does not include any collusive terms and will not injure the interests of any non-settling parties.  (Hsu Decl. ¶ 25.)  Therefore, these factors favor approval of the settlement.

On balance, the *Tech-Bilt* factors weigh in favor of a finding of reasonableness and good faith.

## IV.  CONCLUSION

For the reasons set forth above, the Motion is **GRANTED**.  Accordingly, it is hereby **ORDERED** that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-686-MWF (PJWx)          **Date:** June 21, 2024

**Title:**     Alisu Investments, Ltd., et al. v. TriMas Corporation, et al.

1. The settlement between BWC and Plaintiffs is fair, reasonable, adequate and made in good faith;

2. Plaintiffs' claims against BWC are **DISMISSED** *with prejudice*; and

3. All claims and future claims by non-settling Defendants and any other joint tortfeasor against BWC, whether for equitable indemnity, contribution, comparative indemnity, or any cause of action based on comparative negligence or comparative fault, or based on being an alleged joint or co-obligor under contract or otherwise relating in any way to the allegations, claims and/or causes of action in Plaintiffs' Fifth Amended Complaint are hereby barred.

A final judgment consistent with this Order will be entered at the conclusion of the action.

IT IS SO ORDERED.